MICHELLE D. ALARIE, ESQ.
Nevada Bar No. 11894
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  702.678.5070
Facsimile:  702.878.9995
malarie@atllp.com

ROMAINE C. MARSHALL, ESQ. (LR IA 11-2 admitted)
Utah Bar No. 9654
JOSE ABARCA, ESQ. (LR IA 11-2 admitted)
Utah Bar No. 12762
EMILY NUVAN, ESQ. (LR IA 11-2 admitted)
Utah Bar No. 17722
ARMSTRONG TEASDALE LLP
201 South Main Street, Suite 750
Salt Lake City, Utah 84111
Telephone: 801.401.1406
rmarshall@atllp.com
jabarca@atllp.com
enuvan@atllp.com

*Attorneys for Plaintiff Robert Armijo*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT ARMIJO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>OZONE NETWORKS, INC. d/b/a OPENSEA, a New York Corporation; YUGA LABS, INC. f/k/a YUGA LABS, LLC d/b/a BORED APE YACHT CLUB, a Delaware corporation; LOOKSRARE; and DOES 1 to 50,<br><br>　　　　Defendants. | Case No.: 3:22-cv-00112-MMD-CLB<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

　　　　Pursuant to Federal Rules of Civil Procedure 26(f) and Local Rule of Practice 26-1, the parties, by and through their respective counsel, hereby submit to this Court the following proposed Discovery Plan and Scheduling Order:

　　　　**1.　　FRCP 26(f) Meeting:**

　　　　The Fed. R. Civ. P. 26(f) conference was held on July 8, 2022, at 3:00 p.m. via videoconference.

Counsel appearing for Plaintiff Robert Armijo: Romaine C. Marshall, Emily Nuvan, and Michelle D. Alarie. Counsel appearing for Defendant Ozone Networks, Inc. dba OpenSea ("OpenSea"): Jonathan Blavin. Counsel appearing for Defendant Yuga Labs, Inc. dba Bored Ape Yacht Club ("Yuga Labs"): Jennifer Bretan, Michael Dicke, Sam Sahagian, John Tennert, and Alison Jordan. OpenSea and Yuga Labs are collectively referred to herein as "Defendants."

2. **Initial Disclosures:**

The parties have been unable to come to an agreement on the timing of serving initial disclosures. The parties' respective positions are below:

  a. Plaintiff's position: Plaintiff intends to serve his initial disclosures on or before July 22, 2022, in compliance with Fed. R. Civ. P. 26(a)(1)(C).

  b. Defendants' position: As set forth in further detail below, initial disclosures are premature given that Defendants will timely file potentially case-dispositive motions to dismiss the Amended Complaint and will move to stay discovery during the pendency of any such motions. Once the pleadings are set and the operative complaint is no longer subject to challenge under Rules 12(b)(2) or 12(b)(6), to the extent the case remains at issue, Defendants will be prepared to serve their initial disclosures within 14 calendar days of the applicable Court ruling. Defendants raised their objections to the timing for initial disclosures during the conference with Plaintiff, in accordance with Rule 26(a)(1)(C), and will await the Court's ruling on this issue.

3. **Areas/Subjects and Form of Discovery:**

Subject to the parties' disagreement with respect to when discovery should commence as discussed further below, the parties agree that the areas of discovery would include, but are not limited to, all claims and defenses including jurisdictional defenses within the scope of the pleadings[1] and that

---

[1] Defendants will be filing motions to dismiss the First Amended Complaint. Defendants submit no discovery should be available until after resolution of Defendants' motions to dismiss and the then-operative complaint is no longer subject to challenge under Rule 12(b)(2) or 12(b)(6), if any claims remain at issue. Plaintiff however submits that the First Amended Complaint is the operative pleading at this time, and, therefore, discovery may be had at this time on the claims and defenses therein.

they will conduct discovery in conformity with the Federal Rules of Civil Procedure and, except as noted below, do not require any changes to be made in the timing, form, and requirements at this time.[2]

The parties anticipate that a protective order will be needed with respect to certain areas of discovery contemplated in this action, and governing the treatment of confidential materials in this action, and will submit a proposed stipulated protective order for this Court's consideration before such discovery commences.

**4.** **Discovery Plan:**

The parties have been unable to come to an agreement on discovery scheduling. The parties' respective positions are below:

a. Plaintiff's position:

Plaintiff objects to any stay or limitation on discovery in any respect. As a preliminary matter, Defendants have not yet filed responsive motions to the First Amended Complaint under Fed. R. Civ. P. 12(b); therefore, any demand by Defendants to stay discovery based on anticipated motions is premature and discovery should proceed at this time pursuant to the court rules.[3] In the event responsive motions and/or discovery stay motions are filed, Plaintiff will formally oppose such. Fed. R. Civ. P. 1 requires that the court rules be administered and employed to secure just, speedy, and inexpensive determinations of every action and proceeding. The court rules thereby authorize the parties to pursue discovery even when there are pending motions to dismiss. Staying discovery should be a rare exception, which is not warranted here where a "preliminary peek" of any future motions to

---

[2] OpenSea and Yuga Labs state that they will be filing motions to stay discovery. As will be reflected in those motions, Yuga Labs objects to the availability of any discovery, including jurisdictional discovery, prior to resolution of its motion to dismiss, and believes no discovery should be available to Plaintiff as it is not warranted. Plaintiff objects to any stay of discovery in this action whether that discovery be on the claims, defenses, or jurisdictional issues.

[3] Plaintiff objects to Defendants' implying that Plaintiff is attempting to "jump the gun" on discovery. Plaintiff is timely complying with its obligation under the federal rules and local rules to pursue discovery scheduling and submit a discovery scheduling plan for this Court's consideration based on defendants' first appearance in the case. Defendants may genuinely believe a discovery stay should be granted and Plaintiff disagrees. *But, presently, no stay of discovery (or any other discovery obligation) has been ordered.*

dismiss will demonstrate that this Court may exercise jurisdiction over Yuga Labs and Plaintiff's claims are valid.

Furthermore, Defendants cannot rely on the absence of another defendant, LooksRare, from participating in lawful discovery. The federal rules and local rules are clear on this.

Regarding discovery planning, Plaintiff submits that a time period longer than the presumptive 180-day discovery schedule under LR 26-1(b)(1) is appropriate for this action, and proposes a 365-day discovery period. Because of the nature of the specific claims in this action, including without limitation alleged negligence arising from Defendants' electronic security practices, this action will likely involve substantial discovery of electronically stored information ("ESI") and expert discovery. Based on experience, Plaintiff anticipates that additional time will be necessary to accommodate the particular requirements of ESI discovery searches and reviews as well as meet-and-confers that will need to occur. Plaintiff also anticipates the need for additional time following expert disclosures to accommodate expert deposition scheduling and related issues. As such, Plaintiff proposes moving up the initial expert disclosure to 90 days before the discovery cutoff (as opposed to 60 days), and the rebuttal expert disclosure will be due 30 days thereafter.

Plaintiff presented his proposed discovery scheduling plan to Defendants, however, based on Defendants' intent to request a discovery stay no agreement was reached.

Yuga Labs and OpenSea filed their respective Motions to Dismiss the original Complaint on June 3, 2022;[4] therefore, Plaintiff proposes the following discovery plan:

1. <u>Discovery Cut-Off</u>: June 5, 2023
2. <u>Amend Pleadings/Add Parties</u>: March 7, 2023
3. <u>Initial Expert Disclosure</u>: March 7, 2023
4. <u>Rebuttal Expert Disclosure</u>: April 6, 2023
5. <u>Dispositive Motion</u>: July 5, 2023

---

[4] On June 24, 2022, Plaintiff filed a First Amended Complaint. (ECF No. 62). Pursuant to stipulation, the deadline for Defendants to answer or otherwise respond to the First Amended Complaint is July 29, 2022. (ECF No. 61).

     6. <u>Pre-Trial Order</u>:  August 4, 2023, but in the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motion(s) or further order of the court.

  b.  <u>Defendants' position</u>:

Defendants maintain that it is premature to set a case schedule and that discovery should be stayed because Defendants will timely file potentially case-dispositive motions to dismiss the Amended Complaint.  OpenSea intends to renew its arguments that it had no duty to Plaintiff because it was not in a special relationship with the Plaintiff; that its actions did not constitute breach; that its actions did not cause Plaintiff's alleged harm; that its Terms of Service contain an exculpatory provision that bars Plaintiff's claims; and that the economic loss doctrine also bars Plaintiff's claims.  Yuga Labs intends to renew its jurisdictional arguments as well as its arguments that it had no duty to Plaintiff because it was not in a special relationship with the Plaintiff; that its actions did not constitute breach of any duty; that its actions did not cause Plaintiff's alleged harm; that the economic loss doctrine also bars Plaintiff's claims; and also that Plaintiff's claims for breach of contract and the implied covenant of good faith and fair dealing fail.

Because both Defendants' motions will be "dispositive of the entire case" if granted and "can be decided without additional discovery," and Yuga Labs' motion will raise threshold jurisdictional questions, Defendants will move to stay discovery during the pendency of the motions.  *See Godwin v. Senior Garden Apartments*, No. 217CV02178MMDDJA, 2021 WL 564901, at *1 (D. Nev. Jan. 26, 2021) (granting stay when "the Court is not convinced that Plaintiff will survive dismissal"); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery."); *Catalystix v. Legeacy Creative, Inc.*, 2022 WL 1115447 (D. Nev. Jan. 10, 2022) ("The parties cannot circumvent a lack of personal jurisdiction to conduct initial discovery.").

As Plaintiff notes, Fed. R. Civ. P. 1 requires the federal rules to be "construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and

5

proceeding." "With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case." *Urb. Outfitters, Inc. v. Dermody Operating Co., LLC*, No. 321CV00109MMDCLB, 2021 WL 3605053, at *3 (D. Nev. Aug. 13, 2021) (granting stay where plaintiff likely failed to state a claim for relief); *Catalystix*, 2022 WL 1115447 (granting stay where plaintiff likely failed to establish personal jurisdiction, "a foundational threshold issue").

A "preliminary peek" at Defendants' motions to dismiss will confirm that this is a case where "delaying discovery would prevent economic waste, since conducting discovery before the ruling on the motions to dismiss would be futile." *Urb. Outfitters, Inc.*, 2021 WL 3605053, at *4 (noting that "the Court's duty is to ensure an inexpensive determination of this action" and granting stay when "Defendants' motions to dismiss will likely be granted"); *5035 Vill. Tr. v. Durazo, 2016 WL 6246304*, at *3 (D. Nev. Oct. 24, 2016) (granting discovery stay where the pending motion "present[ed] a dispositive legal question that would resolve Plaintiff's claims without the need for discovery"); *Segal v. Lefebvre*, 2013 WL 12130553, at *2 (D. Nev. Nov. 14, 2013) (noting that "it is more just to delay discovery to accomplish the inexpensive determination of the case than to speed the parties along in discovery while the dispositive motions are pending" when motions "address preliminary questions of law").

Once the legal sufficiency of plaintiff's claims is fully resolved, no challenges remain to the then operative complaint under Rules 12(b)(2) or 12(b)(6), and if the case remains at issue, within 14 calendar days of the applicable Court ruling, the parties would meet and confer and submit to the Court a proposed case schedule for further proceedings and also exchange initial disclosures. Moreover, it does not make sense to set a schedule based on the timing of Defendants' originally filed motions to dismiss (as Plaintiff suggests), which motions Plaintiff avoided by filing his Amended Complaint, rather than following resolution of motions to dismiss Plaintiffs Amended Complaint, or, if further amended, once those pleadings are tested, at which time, if any claims survive, the pleadings will be framed and will better inform the orderly course of proceedings in the action.

Defendants note that setting a schedule is also premature for the independent reason that one defendant, LooksRare, has yet to appear in this action, and Plaintiff has not proposed how that issue

1 | will be addressed in the context of scheduling in this case.

2 | **5.** **Fed. R. Civ. P. 26(a)(3) Disclosure:** The disclosure required by Fed. R. Civ. P. 26(a)(3) and objections thereto shall be made in the pre-trial order.

**6.** **Alternative Dispute Resolution:** The parties certify that they have met and conferred about the possibility of using alternative dispute resolution processes, including mediation, arbitration, or the court's settlement conference program.

**7.** **Alternative Forms of Case Disposition:** The parties certify that they have considered consent to trial by a Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 and use of the Short Trial Program (General Order 2013-01).

**8.** **Presentation of Electronic Evidence:** Based on the parties' discovery scheduling dispute, the parties certify that when appropriate, they will discuss presentation of evidence in electronic format to jurors for the purpose of jury deliberation and will enter into any stipulations regarding providing discovery in an electronic format compatible with the court's electronic evidence display system. The parties agree to work in good faith so that electronic formatted evidence is properly presented at the time of any trial. The parties will consult the court's website or contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the court's electronic jury evidence display system.

**9.** **Extension of Discovery Deadlines:** LR 26-4 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion must be made no later than 21 days before the subject deadline sought to be extended, and in compliance with LR 26-4.

DATED this 20th day of July, 2022.   DATED this 20th day of July, 2022.

**ARMSTRONG TEASDALE LLP**               **FENWICK & WEST LLP**

By: */s/ Michelle D. Alarie*            By: */s/ Michael S. Dicke*
    MICHELLE D. ALARIE, ESQ.            MICHAEL S. DICKE, ESQ.
    Nevada Bar No. 11894                California Bar No. 158187
    3770 Howard Hughes Parkway, Suite 200   JENNIFER C. BRETAN, ESQ.
    Las Vegas, Nevada 89169             California Bar No. 233475
                                        555 California Street, 12th Floor
    ROMAINE C. MARSHALL, ESQ.           San Francisco, CA 94104
    Utah Bar No. 9654
    JOSE ABARCA, ESQ.                   JOHN D. TENNERT, III, ESQ.
    Utah Bar No. 12762                  Nevada Bar No. 11728
    EMILY NUVAN, ESQ.                   FENNEMORE CRAIG, P.C.

<table>
</table>

| | |
|---|---|
| Utah Bar No. 17722<br>ARMSTRONG TEASDALE LLP<br>201 South Main Street, Suite 750<br>Salt Lake City, Utah 84111<br><br>*Attorneys for Plaintiff Robert Armijo* | 7800 Rancharrah Parkway<br>Reno, NV 89511<br><br>*Attorneys for Defendant Yuga Labs, Inc. dba Bored Ape Yacht Club* |

DATED this 20th day of July, 2022.

**MUNGER, TOLLES & OLSON, LLP**

By:   /s/ Jonathan H. Blavin

JONATHAN H. BLAVIN, ESQ.
560 Mission Street, 27th Floor
San Francisco, CA 94105

JOHN P. DESMOND, ESQ.
Nevada Bar No. 5618
JUSTIN J. BUSTOS, ESQ.
Nevada Bar No. 10320
DICKINSON WRIGHT PLLC
100 W. Liberty St., Suite 940
Reno, NV 89501

*Attorneys for Defendant Ozone Networks, Inc. dba OpenSea*

## ORDER

The Court enters the following Scheduling Order for this case:

| | |
|---|---|
| Discovery Deadline: | June 5, 2023 |
| Amend Pleadings/Add Parties: | March 7, 2023 |
| Initial Expert Disclosure: | March 7, 2023 |
| Rebuttal Expert Disclosure: | April 6, 2023 |
| Dispositive Motion Deadline: | July 5, 2023 |
| Joint Pretrial Order Deadline:<br>(or 30 days following the entry of the court's ruling on a dispositive motion) | August 4, 2023 |

**IT IS SO ORDERED.**
**DATED:** July 21, 2022

_____
UNITED STATES MAGISTRATE JUDGE

8