DICKINSON WRIGHT PLLC
JOHN P. DESMOND
Nevada Bar No. 5618
JUSTIN J. BUSTOS
Nevada Bar No. 10320
100 W. Liberty Street, Suite 940
Reno, NV 89501
Tel: 702-550-4400
Fax: 844-670-6009
Email: jdesmond@dickinsonwright.com
Email: jbustos@dickinsonwright.com

(Additional counsel listed on signature page)

*Attorneys for Defendant Ozone Networks, Inc. d/b/a OpenSea, a New York Corporation*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT ARMIJO,<br><br>Plaintiff,<br><br>vs.<br><br>OZONE NETWORKS, INC. d/b/a OPENSEA, a New York Corporation, YUGA LABS, LLC d/b/a BORED APE YACHT CLUB, a Delaware limited liability company, LOOKSRARE; and DOES 1 to 50,<br><br>Defendants. | CASE NO. 3:22-CV-00112-MMD-CLB<br><br>**DEFENDANT OZONE NETWORKS, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** |

Defendant Ozone Networks, Inc. d/b/a OpenSea ("OpenSea"), by and through its counsel of record, Munger, Tolles & Olson LLP and Dickinson Wright PLLC, respectfully requests that the Court take judicial notice of, and treat as incorporated by reference, OpenSea's Terms of Service. This Request is supported by the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Ian L. Meader, all papers and pleadings on file herein, and any oral argument this Court chooses to consider.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In connection with Section IV.C of OpenSea's Motion to Dismiss the Amended Complaint, this Court should take judicial notice of, and treat as incorporated by reference, the following document attached as Exhibit A to the concurrently filed Declaration of Ian L. Meader ("Meader Decl.") and further attached hereto:

**Exhibit A**: OpenSea's Terms of Service, updated on June 1, 2021.

OpenSea requests that the Court consider this exhibit solely in connection with its argument that Plaintiff's claims are barred by the broad and enforceable exculpatory provision contained within OpenSea's Terms of Service. The exhibit may be considered by the Court on OpenSea's Motion to Dismiss as it is incorporated by reference into the Amended Complaint as Plaintiff's claims necessarily rely on this document. The document also is subject to judicial notice as it appears on a publicly accessible website and is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

## II. ARGUMENT

In deciding a motion to dismiss, a court may consider documents that are incorporated by reference into the complaint and/or matters of judicial notice without converting the motion into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "[I]f adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss." *Wensley v. First Nat'l Bank of Nev.*, 874 F. Supp. 2d 957, 963 (D. Nev. 2012); Fed. R. Evid. 201(b)(2) (allowing judicial notice of adjudicative facts which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). The incorporation by reference doctrine is "a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id*.

### A. The Terms of Service Should Be Incorporated By Reference Into the Amended Complaint

Incorporation by reference of OpenSea's Terms of Service is appropriate because Plaintiff's claims necessarily rely upon the document. *See Ritchie*, 342 F.3d at 908 (document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document *or the document forms the basis of the plaintiff's claim*") (emphasis added); *see also Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) ("A court 'may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'").

Plaintiff's claims each flow from his use of the OpenSea service, which was necessarily subject to his agreement to OpenSea's Terms of Service—as the Terms themselves make clear. Exhibit A is OpenSea's Terms of Service, as updated on June 1, 2021, to which Plaintiff agreed to on multiple occasions—including as a mandatory step required for Plaintiff to complete his purchase of "BYAC #4329," one of the NFTs at issue in this action. (*See* Am. Compl. ¶ 34, ECF No. 62; Meader Decl. ¶¶ 5-8.) As Exhibit A makes clear, and as further supported by the concurrently filed Meader Declaration, Plaintiff could not have used OpenSea's services without agreeing to the Terms of Service. (*See* Meader Decl. ¶¶ 5-8 & Ex. A; *Lemmon v. Snap, Inc.*, No. CV 19-4504-MWF (KSx), 2019 WL 7882079, at *4-5 (C.D. Cal. Oct. 30, 2019) (considering Snap's Terms of Service on motion to dismiss when request for incorporation by reference was supported by concurrently filed declaration attesting that "all Snapchat users must agree to Snap's Terms of Service before using the Snapchat app").)

Critically, the Terms of Service are central to whether Plaintiff agreed to an exculpatory provision waiving his right to bring the claims he alleges in this action. As explained in OpenSea's underlying Motion, Plaintiff's agreement to the Terms of Service bars all of his claims because the Terms of Service contain an express liability waiver. (Mot. at 19-24.)

Because Plaintiff's claims ultimately depend on the Terms of Service, the Terms of Service necessarily form the basis of his claims and are appropriately incorporated by reference into the

Amended Complaint. *E.g.*, *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015) ("Because Plaintiff's claim necessarily depends on the application of Zimride's policies—which relate directly to the issue of consent—the Court finds that these documents may appropriately be considered on a motion to dismiss."); *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813-14 (N.D. Cal. 2020) (taking judicial notice of "Terms of Service" and "Privacy Policy" as they "form the basis" of plaintiff's contractual and warranty terms); *Newman v. Google LLC*, No. 20-CV-04011-LHK, 2021 WL 2633423, at *15 (N.D. Cal. June 25, 2021) (noting that "several courts" in considering claims "have incorporated by reference YouTube's terms of service and other agreements when deciding a motion to dismiss"); *Hulsey v. Peddle, LLC*, No. CV 17-3843 DSF (ASx), 2017 WL 8180583, at *1 n.1 (C.D. Cal. Oct. 23, 2017) (taking judicial notice of defendant's privacy policy because it "is central to Hulsey's claim that she did not consent to receive texts from Peddle"); *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1207 n.2 (N.D. Cal. 2014) (incorporating by reference Adobe's Privacy Policies, General Terms of Use, and subscription terms).

The Court thus may consider the Terms of Service, and Plaintiff's consent to them, without converting the Motion into one for summary judgment.

**B.     The Exhibit Is Subject To Judicial Notice**

The exhibit, OpenSea's Terms of Service, is also subject to judicial notice because it appears on a publicly accessible website and is therefore capable of "accurate[] and read[y] determin[ation]" by resort to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Courts in this circuit routinely take judicial notice of websites and their contents, including Terms of Service and other agreements. *See, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) ("surrounding web pages"); *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 n.5 (9th Cir. 2012) (facts on NFL website); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (vendors listed on school websites); *Brandt v. Medtronic, Inc.*, 179 F. Supp. 3d 963, 965 n.1 (D. Nev. 2016) (documents related to FDA regulation of medical

device); *Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 988 n.6 (D. Nev. 2014) (purchase and assumption agreement available on website); *City of Reno, Nevada v. Netflix, Inc.*, 558 F. Supp. 3d 991, 994 n.2 (D. Nev. 2021) (legislative history available on website); *Coffee v. Google, LLC*, No. 20-CV-03901-BLF, 2021 WL 493387, at *3-4 (N.D. Cal. Feb. 10, 2021) (taking judicial notice "as to the existence and contents of the Google Play Terms of Service"); *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d at 813-14 (taking judicial notice of Google's Terms of Service, Privacy Policy, and a Google blog post); *Matera v. Google, Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (taking judicial notice of Google's Terms of Service, "various versions of Google's Privacy Policy," and a Google webpage entitled "Updates: Privacy Policy").

Courts also routinely take notice of the Internet Archive "Wayback Machine," a digital archive of the Internet. *See Fed. Trade Comm'n v. OMICS Grp. Inc.*, 374 F. Supp. 3d 994, 1004 & n.6 (D. Nev. 2019) (quoting with approval *Pond Guy, Inc. v. Aquascape Designs, Inc.*, No. 13-13229, 2014 WL 2863871, at *4 (E.D. Mich. June 24, 2014)) ("As a resource the accuracy of which cannot reasonably be questioned, the Internet Archive has been found to be an acceptable source for the taking of judicial notice."); *Parziale v. HP, Inc*, No. 5:19-cv-05363-EJD, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020) ("[D]istrict courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine.").

Exhibit A is a copy of OpenSea's prior Privacy Policy, as updated on June 1, 2021, which is publicly available as it appeared on November 8, 2021 on the Internet Archive at the following URL: https://web.archive.org/web/20211108215700/https://opensea.io/tos. *See OMICS Grp. Inc.*, 374 F. Supp. 3d at 1004 & n.6; *Parziale v. HP, Inc*, 2020 WL 5798274, at *3; *Eagle SPE NV 1, Inc.*, 36 F. Supp. 3d at 988 n.6; *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (taking judicial notice of Yahoo's Terms of Service). The Terms of Service are therefore also subject to judicial notice as a publicly-accessible website page.


## III. CONCLUSION

For the foregoing reasons, OpenSea respectfully requests that the Court incorporate by reference and/or take judicial notice of Exhibit A, OpenSea's Terms of Service, in connection with the argument set forth in Section IV.C of its Motion to Dismiss.

DATED this 29th day of July, 2022.

DICKINSON WRIGHT PLLC

*/s/ Justin J. Bustos*
JOHN P. DESMOND
Nevada Bar No. 5618
JUSTIN J. BUSTOS
Nevada Bar No. 10320
100 W. Liberty Street, Suite 940
Reno, NV 89501
Tel: (775) 343-7500
Fax: 844-670-6009
Email: jdesmond@dickinsonwright.com
Email: jbustos@dickinsonwright.com

MUNGER, TOLLES & OLSON, LLP
JONATHAN H. BLAVIN (Pro Hac Vice)
560 Mission Street, 27th Floor
San Francisco, CA  94105
Tel: (415) 512-4011
Email:  Jonathan.Blavin@mto.com

BRANDON R. TEACHOUT (Pro Hac Vice)
ERIN J. COX (Pro Hac Vice)
APRIL D. YOUPEE-ROLL (Pro Hac Vice)
350 South Grand Avenue, Suite 5000
Los Angeles, CA  90071
Tel:  (213) 683-9100
Email: Brandon.Teachout@mto.com
Email: Erin.Cox@mto.com
Email: April.Youpee-Roll@mto.com

*Attorneys for Defendant Ozone Networks, Inc. d/b/a OpenSea, a New York Corporation*

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Dickinson Wright PLLC, hereby certifies that on the 29th day of July 2022, caused a copy of the foregoing **DEFENDANT OZONE NETWORKS, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT** to be transmitted by electronic service in accordance the Court's CM/ECF e-filing system, addressed to:

Emily Brinn Nuvan (Pro Hac Vice)
Jose A. Abarca (Pro Hac Vice)
Romaine C. Marshall (Pro Hac Vice)
Armstrong Teasdale LLP
201 South Main Street, Suite 750
Salt Lake City, UT  84111
enuvan@atllp.com
jabarca@atllp.com
rmarshall@atllp.com

*Attorneys for Plaintiff Robert Armijo*

John D. Tennert
Fennemore Craig, P.C.
7800 Rancharrah Parkway
Reno, NV  89511
jtennert@fclaw.com

*Attorneys for Defendant Yuga Labs, LLC*

Alison Clare Jordan
Fenwick & West LLP
801 California Street
Mountain View, CA  89041
Ajordan@fenwick.com

*Attorneys for Defendant Yuga Labs, LLC*

Michelle D. Alarie
Armstrong Teasdale LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, NV  89169
malarie@atllp.com

*Attorneys for Plaintiff Robert Armijo*

Samuel Sahagian (Pro Hac Vice)
Jennifer C. Bretan (Pro Hac Vice)
Katherine A. Marshall (Pro Hac Vice)
Michael S. Dicke (Pro Hac Vice)
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA  94104
ssahagian@fenwick.com
jbretan@fenwick.com
kmarshall@fenwick.com
mdicke@fenwick.com

*Attorneys for Defendant Yuga Labs, LLC*

/s/ Angela M. Shoults
An Employee of Dickinson Wright PLLC