MICHAEL S. DICKE (admitted *pro hac vice*)
mdicke@fenwick.com
JENNIFER C. BRETAN (admitted *pro hac vice*)
jbretan@fenwick.com
KATHERINE A. MARSHALL (admitted *pro hac vice*)
kmarshall@fenwick.com
ALISON C. JORDAN (admitted *pro hac vice*)
ajordan@fenwick.com
SAMUEL SAHAGIAN (admitted *pro hac vice*)
ssahagian@fenwick.com

FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: 415.875.2300

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Tel: 775.788.2212

*Attorneys for Defendant Yuga Labs, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ARMIJO,<br><br>Plaintiff,<br><br>v.<br><br>OZONE NETWORKS, INC. d/b/a OPENSEA, a New York Corporation, YUGA LABS LLC d/b/a BORED APE YACHT CLUB, a Delaware limited liability company; LOOKSRARE; and DOES 1 to 50,<br><br>Defendants. | Case No.: 3:22-cv-00112-MMD-CLB<br><br>**DEFENDANT YUGA LABS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Pursuant to Federal Rule of Evidence 201, Federal Rule of Civil Procedure 44.1, and the doctrine of incorporation by reference, defendant Yuga Labs, Inc. ("Yuga Labs") respectfully requests that the Court consider the following documents, attached as **Exhibits A through E** to the Declaration of Jennifer Bretan in support of its Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"):

1. A March judgment in *Tulip Trading Ltd. v. Bitcoin Ass'n for BSV & Others* [2022] EWHC 667 (Ch) BL-2021-000313, in the High Court of Justice, Business and Property Courts of England and Wales, holding that Bitcoin software developers do not owe a common law duty of care to protect cryptocurrency owners from fraud leading to loss of crypto assets, a true and correct copy of which is attached as **Exhibit A** to the Bretan Declaration.

2. A deed of sale on April 20, 2022, as recorded by the Washoe County Recorder on April 25, 2022, of Lot 17 in Block A of Ponderosa Subdivision No. 3, Washoe County, Nevada, an Incline Village, Nevada residence previously belonging to plaintiff, a true and correct copy of which is attached as **Exhibit B** to the Bretan Declaration.

3. Real property assessment data reflecting the transfer of an Incline Village, Nevada residence previously belonging to plaintiff, APN 122-111-19, available on the Washoe County Assessor's Office website, a true and correct copy of which is attached as **Exhibit C** to the Bretan Declaration.

4. The Bored Ape Terms & Conditions, as published by Yuga Labs on the BAYC website, available at https://boredapeyachtclub.com/#/terms, a true and correct copy of which are attached as **Exhibit D** to the Bretan Declaration.

5. The Mutant Ape Terms & Conditions, as published by Yuga Labs on the BAYC website, available at https://boredapeyachtclub.com/#/mayc/terms, a true and correct copy of which are attached as **Exhibit E** to the Bretan Declaration.

## I. EXHIBITS A-C ARE PROPERLY SUBJECT TO JUDICIAL NOTICE AS PUBLIC AND LEGAL RECORDS BY GOVERNMENT ENTITIES

The Court may take judicial notice of materials outside of the Complaint that are not subject to reasonable dispute because they "can be accurately and readily determined from

sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also* Nev. Rev. Stat. § 47.130 (stating that, under Nevada law, a court may take judicial notice of any fact that is "[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, so that the fact is not subject to reasonable dispute.").

**Exhibit A**, the decision by the High Court of Justice, Business and Property Courts of England and Wales in *Tulip Trading*, is appropriately subject to judicial notice and properly considered by the Court here. Courts routinely take judicial notice of matters of public record, including pleadings and judgments in other actions. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (judicial notice of court filings and other matters of public record is proper); *see also Sprague & Rhodes Commodity Corp. v. Instituto Mexicano Del Cafe*, 566 F.2d 861, 862 (2d Cir. 1977) (Rule 201 permits a court to take judicial notice of a foreign judgment).[1] Moreover, issues of foreign law may also be considered pursuant to Federal Rule of Civil Procedure 44.1, regardless of whether it is admissible under the Federal Rules of Evidence. *See de Fontbrune v. Wofsy*, 838 F.3d 992, 1000 (9th Cir. 2016) (holding that courts may consider foreign legal materials at the pleading stage pursuant to FRCP 44.1). Given the global nature and relative novelty of issues relating to the blockchain, and the common origin and approach to tort law, the *Tulip Trading* decision is of note and appropriately considered here.

Courts may also take judicial notice of information posted by government entities. *See United States Small Bus. Admin. v. Bensal*, 853 F.3d 992, 1003 n.3 (9th Cir. 2017) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities."); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities . . . and neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein."). **Exhibit B**, an April 20, 2022 deed of sale recorded in Washoe County, is a record made publicly available by a government entity, the Washoe County Recorder's office. Likewise, **Exhibit C**, real property assessment data reflecting the transfer of

---

[1] Yuga Labs does not offer *Tulip Trading* for the truth of any matters asserted in that litigation, but rather contends that the Court may take judicial notice of the fact of that litigation and related judgment to such issues under foreign law in determining the motion to dismiss.

an Incline Village, Nevada residence previously belonging to plaintiff, APN 122-111-19, is a record made publicly available by a government entity, the Washoe County Assessor's Office. These records are properly subject to judicial notice, as the websites of Washoe County's Recorder and Assessor's Offices are reliable source whose accuracy cannot reasonably be questioned. *See Kitchen v. Select Portfolio Servicing, Inc.*, 2016 WL 4521679, at *1 n.1-3 (D. Nev. Aug. 29, 2016) (taking judicial notice of documents recorded in county recorder's office).

## II.   EXHIBITS D-E ARE REFERENCED AND RELIED ON BY PLAINTIFF FOR HIS CLAIMS AND THUS INCORPORATED BY REFERENCE IN THE FAC

Plaintiff quotes, references, and relies on alleged terms contained on the BAYC website as the basis for his claims in the FAC, and those terms are thereby incorporated by reference in the FAC. Plaintiff admits that "[a]though BAYC NFT owners receive commercialization rights for their individual ape images, BAYC retains the rights to the collective BAYC name, logo, and ape club." *See* FAC ¶ 57 (citing a news article that refers to the "commercial license" that Yuga Labs grants Bored Ape NFT holders, with a link to the terms and conditions on the BAYC's website). Plaintiff also extensively refers to BAYC's official website and alleges that it contains the terms applicable to the NFTs and their holders. *See id.*, ¶ 7 (referencing and quoting BAYC website and admitting "the token itself doubles as your membership"); *id.* ¶ 173 ("The offer is explained in further detail on BAYC's official website . . . ."); ¶ 21 (referencing BAYC website as a basis for asserting jurisdiction), ¶ 42 and n.37 (quoting BAYC website and providing link).

The incorporation-by-reference doctrine allows the Court to consider such documents, regardless of whether the Court takes judicial notice of those documents. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citing cases and noting that the doctrine of incorporation by reference prevents plaintiff from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims"), *cert. denied*, 139 S. Ct. 2615 (2019); *see also In re CV Scis., Inc.*, 2019 U.S. Dist. LEXIS 212562 (D. Nev. Dec. 10. 2019) (citing *Khoja* and considering documents incorporated by reference on motion to dismiss). When a document is subject to the doctrine of incorporation by reference, "the entire document is assumed to be true for purposes of

a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (quotation omitted). "Even if a document is not attached to a complaint," a court may consider it as incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

In doing so, a court is not limited to the selected portions of a statement cited by plaintiff, but may consider other portions as well. *See Colyer v. AcelRx Pharm., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) ("Plaintiffs cannot selectively quote from one part of a publicly available [document] and then object to Defendants' decision to provide the Court with the complete [document]"); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2010) (Where plaintiff "references and relies on a particular document as part of the … complaint," the court is "justified in looking outside the four corners of the complaint, to the document itself if offered"); *Cement Masons & Plasterers Joint Pension Trust v. Equinix, Inc.*, 2012 WL 685344, at *5 n.4 (N.D. Cal. Mar. 2, 2012) ("Where a plaintiff fails to attach to the complaint the documents upon which the complaint is premised, a defendant may attach such documents in order to show that they do not support the plaintiff's claim").

In addition, "[i]n evaluating the context in which [a] statement appeared, [courts] must take into account all parts of the communication that are ordinarily heard or read with it." *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal quotation marks omitted) (proper for court to take into account entire context of statements at issue under the "incorporation by reference" doctrine). Thus, to the extent the FAC refers to and relies on the BAYC website, the Court may take the terms and conditions reflected therein (**Exhibits D-E**) into account under the incorporation by reference doctrine for this further reason. *Id.*

For the reasons set forth above, Yuga Labs respectfully requests that the Court consider **Exhibits A through E** to the Bretan Declaration.

Dated:   July 29, 2022                                       FENWICK & WEST LLP

                                                             By: */s/ Jennifer C. Bretan*
                                                                 Jennifer C. Bretan

Michael S. Dicke (admitted *pro hac vice*)
Katherine A. Marshall (admitted *pro hac vice*)
Alison C. Jordan (admitted *pro hac vice*)
Samuel Sahagian (admitted *pro hac vice*)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: mdicke@fenwick.com
Email: jbretan@fenwick.com
Email: kmarshall@fenwick.com
Email: ajordan@fenwick.com
Email: ssahagian@fenwick.com

John D. Tennert III (Nevada Bar No. 11728)
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2200
Facsimile: 775.786.1177
Email: jtennert@fclaw.com

*Attorneys for Defendant Yuga Labs, Inc.*

# CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on July 29, 2022, a true and correct copy of **DEFENDANT YUGA LABS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** was transmitted electronically through the Court's CM/ECF e-filing electronic notice system to all attorneys associated with the above-captioned case.

*/s/ Jennifer C. Bretan*
Jennifer C. Bretan
Fenwick & West LLP