MICHAEL S. DICKE (admitted *pro hac vice*)
mdicke@fenwick.com
JENNIFER C. BRETAN (admitted *pro hac vice*)
jbretan@fenwick.com
KATHERINE A. MARSHALL (admitted *pro hac vice*)
kmarshall@fenwick.com
ALISON C. JORDAN (admitted *pro hac vice*)
ajordan@fenwick.com
SAMUEL SAHAGIAN (admitted *pro hac vice*)
ssahagian@fenwick.com

FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: 415.875.2300

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Tel: 775.788.2212

*Attorneys for Defendant Yuga Labs, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ARMIJO,<br><br>              Plaintiff,<br><br>       v.<br><br>OZONE NETWORKS, INC. d/b/a OPENSEA, a New York Corporation, YUGA LABS LLC d/b/a BORED APE YACHT CLUB, a Delaware limited liability company; LOOKSRARE; and DOES 1 to 50,<br><br>              Defendants. | Case No.: 3:22-cv-00112-MMD-CLB<br><br>**DECLARATION OF MICHAEL S. DICKE IN SUPPORT OF DEFENDANT YUGA LABS' MOTION TO STAY DISCOVERY OR EXTEND DEADLINES UNDER FRCP 26(F) AND LR 26-1 AND TO VACATE CASE MANAGEMENT AND SCHEDULING ORDERS** |

I, Michael S. Dicke, hereby declare as follows:

1. I am a partner at Fenwick & West LLP, counsel for defendant Yuga Labs, Inc. ("Yuga Labs"). I submit this declaration in support of Yuga Labs' Motion to Stay Discovery or Extend Deadlines Under Federal Rule of Civil Procedure 26(f) and Local Rule 26-1 and to Vacate Case Management and Scheduling Orders. I have personal knowledge of the matters set forth below and, if called upon, would testify competently to them.

2. Prior to moving to dismiss, counsel for Yuga Labs sent two letters to plaintiff's counsel explaining why it is that personal jurisdiction over Yuga Labs in Nevada is absent. In connection with the second letter, on April 15, 2022, counsel for Yuga Labs also advised that the Company had nothing to do with billboards and bus stop ads that plaintiff suggested provided a basis for jurisdiction. These are the same billboards and bus stop ads used to support jurisdiction in the later-filed First Amended Complaint ("FAC").

3. On June 3, 2022, Yuga Labs moved to dismiss the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), for lack of personal jurisdiction and failure to state a claim.

4. On June 8, 2022, given that Yuga Labs' motion to dismiss the Complaint was pending before the Court, including on jurisdictional grounds, Yuga Labs informed plaintiff that a conference pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1 was premature. Yuga Labs asked plaintiff to stipulate to extend the deadline to hold a Rule 26(f) conference imposed by Local Rule 26-1. Plaintiff's counsel refused to extend the deadline.

5. On June 24, 2022, instead of responding to Yuga Labs' motion to dismiss, plaintiff filed the FAC. ECF No. 61.

6. On July 5, 2022, Yuga Labs informed plaintiff that it intended to renew its motion to dismiss for lack of personal jurisdiction and failure to state a claim. Yuga Labs again requested that plaintiff stipulate to extend the deadline to hold a Rule 26(f) conference imposed by LR 26-1. Plaintiff's counsel again refused to extend the deadline.

7. On July 8, 2022, without waiving its jurisdictional arguments, Yuga Labs participated in a Rule 26(f) conference in good faith. Yuga Labs raised its objections to

discovery proceeding, including an objection to the timing for initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(c), and an objection to setting a schedule for further proceedings until the Court has had an opportunity to weigh the jurisdictional and substantive issues raised in Yuga Labs' then-upcoming motion.

8. The parties also met and conferred on this motion to stay discovery, with plaintiff's counsel reiterating their refusal to stipulate to defer Rule 26(f) and LR 26-1 discovery pending resolution of the anticipated motions to dismiss the FAC for lack of jurisdiction and for failure to state a claim, and indicating that plaintiff would seek to move forward with discovery notwithstanding any pending motion, thereby necessitating this motion.

9. The parties' positions regarding discovery were outlined in the parties' Stipulated Discovery Plan and Scheduling Order, filed on July 20, 2022, including defendants' express objection to the timing of initial disclosures under Rule 26(a)(1)(c).

10. On July 20, 2022, counsel for Yuga Labs' sent a letter to counsel for plaintiff, inquiring about the sale of his Incline Village residence prior to the filing of the FAC. No response to the inquiry was received.

11. On July 29, 2022, Yuga Labs filed a motion to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) for lack of personal jurisdiction and failure to state a claim.

I declare under penalty of perjury that the foregoing is true and correct. Executed this third day of August, 2022, in Piedmont, California.

                                                    /s/ Michael S. Dicke
                                                      Michael S. Dicke

## **CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on August 3, 2022, a true and correct copy of the **DECLARATION OF MICHAEL S. DICKE IN SUPPORT OF DEFENDANT YUGA LABS' MOTION TO STAY DISCOVERY OR EXTEND DEADLINES UNDER FRCP 26(f) AND LR 26-1 AND TO VACATE CASE MANAGEMENT AND SCHEDULING ORDERS** was transmitted electronically through the Court's CM/ECF e-filing electronic notice system to all attorneys associated with the above-captioned case.

*/s/ Michael S. Dicke*
Michael S. Dicke
Fenwick & West LLP