DICKINSON WRIGHT PLLC
JOHN P. DESMOND
Nevada Bar No. 5618
JUSTIN J. BUSTOS
Nevada Bar No. 10320
100 W. Liberty Street, Suite 940
Reno, NV  89501
Tel: 702-550-4400
Fax: 844-670-6009
Email:  jdesmond@dickinsonwright.com
Email:  jbustos@dickinsonwright.com

(Additional counsel listed on signature page)

*Attorneys for Defendant Ozone Networks, Inc.
d/b/a OpenSea, a New York Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ARMIJO,<br><br>            Plaintiff,<br><br>  vs.<br><br>OZONE NETWORKS, INC. d/b/a OPENSEA, a New York Corporation, YUGA LABS, LLC d/b/a BORED APE YACHT CLUB, a Delaware limited liability company, LOOKSRARE; and DOES 1 to 50,<br><br>            Defendants. | CASE NO.  3:22-CV-00112-MMD-CLB<br><br>**DEFENDANT OZONE NETWORKS, INC.'S MOTION TO STAY DISCOVERY OR EXTEND DEADLINES** |

Defendant Ozone Networks, Inc. d/b/a OpenSea, by and through its counsel of record, Munger, Tolles & Olson LLP and Dickinson Wright PLLC, hereby submits its Motion to Stay Discovery or Extend Deadlines (the "Motion to Stay").  This Motion to Stay is made pursuant to Fed. R. Civ. P. 26(f) and LR 26-1 and is supported by the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Jonathan H. Blavin, all papers and pleadings on file herein, and any oral argument this Court chooses to consider.

## TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION .................................................................................................1

II.   BACKGROUND ..................................................................................................1

III.  LEGAL STANDARD............................................................................................3

IV.   ARGUMENT ........................................................................................................3

V.    CONCLUSION.....................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*5035 Vill. Tr. v. Durazo*,
  No. 2:15-CV-00747-GMN-NJK, 2016 WL 6246304 (D. Nev. Oct. 24, 2016).7

*Beckman v. Match.com, LLC*,
  743 F. App'x 142 (9th Cir. 2018) ..............................................................................4

*Blanck v. Hager*,
  360 F. Supp. 2d 1137 (D. Nev. 2005) ........................................................................6

*Bock-Kasminoff v. Walmart, Inc.*,
  No. 2:20-CV-00949-JAD-EJY, 2022 WL 891448 (D. Nev. Mar. 24, 2022) ..........................5

*Dyroff v. Ultimate Software Grp., Inc.*,
  934 F.3d 1093 (9th Cir. 2019) ..................................................................................4

*Giles v. Gen. Motors Acceptance Corp.*,
  494 F.3d 865 (9th Cir. 2007) ....................................................................................6

*Godwin v. Senior Garden Apartments*
  No. 2:17-CV-02178-MMD-DJA, 2021 WL 564901 (D. Nev. Jan. 26, 2021)...................3, 7

*Kor Media Grp., LLC v. Green*,
  294 F.R.D. 579 (D. Nev. 2013)..................................................................................3

*My Daily Choice, Inc. v. Butler*,
  No. 2:20-CV-02178-JAD-NJK, 2021 WL 3475547 (D. Nev. Aug. 6, 2021)..........................5

*Pelletier v. Rodriguez*,
  No. 3:17-CV-00642-MMD-EJY, 2021 WL 3008594 (D. Nev. July 15, 2021)......................6

*Segal v. Lefebvre*,
  No. 2:13-CV-01511-JCM, NJK, 2013 WL 12130553 (D. Nev. Nov. 14, 2013)....................7

*Tradebay, LLC v. eBay, Inc.*,
  278 F.R.D. 597 (D. Nev. 2011)..................................................................................3

*Urb. Outfitters, Inc. v. Dermody Operating Co.*,
  No. 3:21-cv-00109-MMD-CLB, 2021 WL 3605053 (D. Nev. Aug. 13, 2021) ............1, 3, 4, 7

OPENSEA'S MOTION TO STAY DISCOVERY

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

**STATE CASES**

*Calloway v. City of Reno,*
   993 P.2d 1259 (Nev. 2000) ........................................................................6

*Cruz v. Sun Buggy Fun Rentals, Inc.,*
   No. 11A652884, 2012 WL 7831781 ..........................................................6

*Kaufman v. Sweat It Out, Inc.,*
   No. A-18-778889-C, 2020 WL 4251083 ....................................................6

*Rockwell v. Sun Harbor Budget Suites,*
   925 P.2d 1175 (Nev. 1996) ........................................................................5

*Scialabba v. Brandise Constr. Co.,*
   921 P.2d 928 (Nev. 1996) ..........................................................................4

**RULES - OTHER**

Fed. R. Civ. P. 1 ...............................................................................................3

Fed. R. Civ. P. 26(f) ....................................................................................1, 7

LR 26-1 .........................................................................................................1, 7

LR 26-6 ............................................................................................................2

OPENSEA'S MOTION TO STAY DISCOVERY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant Ozone Networks, Inc. d/b/a OpenSea ("OpenSea") has filed a Motion to Dismiss the Amended Complaint that is potentially dispositive of the entire case and that may be readily decided without additional discovery.  (*See* Defendant Ozone Networks, Inc.'s Motion to Dismiss the Amended Complaint ("OpenSea MTD"), ECF No. 71.)  For the reasons set forth below and in OpenSea's pending motion, a "preliminary peek" at the merits of OpenSea's motion demonstrates that Plaintiff will be unable to state a claim for relief against OpenSea because (1) OpenSea had no duty to Plaintiff because it was not in a special relationship with the Plaintiff; (2) even if it did, OpenSea's actions did not constitute breach and did not cause Plaintiff's alleged harm; (3) the exculpatory provision in OpenSea's Terms of Service bars Plaintiff's claims; and (4) the economic loss doctrine also bars Plaintiff's claims.[1]

Accordingly, a stay of discovery until such time as the Court resolves OpenSea's motion is warranted.  *See Urb. Outfitters, Inc. v. Dermody Operating Co.,* No. 3:21-cv-00109-MMD-CLB, 2021 WL 3605053 (D. Nev. Aug. 13, 2021).

### II.   BACKGROUND

OpenSea operates an online "web3" platform dedicated to non-fungible tokens ("NFTs"), where users can find NFTs that interest them and connect with each other to purchase and sell NFTs in direct peer-to-peer transactions.  Plaintiff Armijo alleges that three NFTs he first purchased using OpenSea were later stolen by a third-party scammer operating not on OpenSea, but on a completely different, unaffiliated online platform called "Discord."  (First Am. Compl. ("FAC") ¶¶ 80-81, 86, ECF No. 62.)  OpenSea's prompt action (within four hours) thwarted the attacker from ever reselling two of the three stolen NFTs using OpenSea.  (*Id.* ¶¶ 94-96.)  Due to the decentralized nature of blockchain technology, disabling the ability to purchase or sell NFTs using OpenSea does not prevent the NFTs from being purchased or traded on other NFT

---

[1] OpenSea also joins Defendant Yuga Labs, Inc.'s Motion to Stay Discovery Deadlines Under Fed. R. Civ. P. 26(f) and LR 26-1 and To Vacate Case Management and Scheduling Orders (ECF No. 78), which further articulates why Plaintiff's claims will fail.

marketplaces, and indeed the two NFTs never resold using OpenSea "were later listed and resold on LooksRare," a different NFT marketplace.  (*Id.*)

OpenSea's Terms of Service disclose "the risk that third parties may obtain unauthorized access to information stored within your wallet" and contain express limitations of liability, including that OpenSea "WILL NOT BE RESPONSIBLE OR LIABLE TO YOU FOR . . . ANY LOSSES, DAMAGES OR CLAIMS ARISING FROM . . . ANY UNAUTHORIZED THIRD PARTY ACTIVITIES, INCLUDING WITHOUT LIMITATION . . . PHISHING," the type of attack to which Plaintiff fell victim, and provide that the user agrees that "IN NO EVENT WILL OPENSEA BE LIABLE TO YOU OR ANY THIRD PARTY FOR ANY . . . DAMAGES . . . WHETHER CAUSED BY," *inter alia*, "TORT (INCLUDING NEGLIGENCE)."  (Declaration of Ian L. Meader ("Meader Decl.") Ex. A at 11-12, ECF No. 72.)  Plaintiff agreed to the Terms of Service on multiple occasions, including when he purchased NFTs using OpenSea and used the mobile app for the first time.  (Meader Decl. ¶¶ 5-8; *see* FAC ¶¶ 32, 36, ECF No. 62.)

Plaintiff asserts that OpenSea is nevertheless liable for the theft of his NFTs by a third party on the Discord platform because it breached a purported duty to prevent the third-party scammer from relisting the already-stolen NFTs for sale using OpenSea, and brings claims for (1) negligence; (2) negligent supervision and training; and (3) negligent hiring.  (FAC ¶¶ 189-205, 216-235.)  Plaintiff alleges that he lost the "significant monetary value" of the NFTs and other purely economic harms.  (*See id.* ¶¶ 39-42, 47, 52, 63, 65, 159-160, 180, 203, 224.)  The operative First Amended Complaint is Plaintiff's second effort, filed after OpenSea moved to dismiss the original Complaint.  (*See* Compl., ECF No. 1 & Defendant Ozone Networks, Inc.'s Motion to Dismiss Compl., ECF No. 56.)

OpenSea has again moved to dismiss Plaintiff's three substantially identical claims.  (*See* OpenSea MTD, ECF No. 71.)  Pursuant to LR 26-6, counsel for OpenSea met and conferred with Plaintiff's counsel regarding the instant motion prior to seeking relief.  (*See* Declaration of Jonathan H. Blavin ¶¶ 5-6.)

### III.   LEGAL STANDARD

Fed. R. Civ. P. 1 requires the Federal Rules of Civil Procedure to be "construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding."  "With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case."  *Urb. Outfitters*, 2021 WL 3605053, at *3.  "[M]otions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal."  *Godwin v. Senior Garden Apartments* No. 2:17-CV-02178-MMD-DJA, 2021 WL 564901, at *1 (D. Nev. Jan. 26, 2021) (citing *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013)); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011) (noting that the "'preliminary peek' at the merits of the underlying motion is not intended to prejudge its outcome" given that "[t]he district judge will decide the dispositive motion and may have a different view of the merits").

### IV.   ARGUMENT

All three factors that the Court considers to determine if a stay of discovery is warranted strongly favor a stay pending the Court's ruling on OpenSea's motion to dismiss.

Two of the three factors cannot be disputed:  OpenSea's motion to dismiss each of Plaintiff's substantially duplicative claims would unquestionably be dispositive of the entire case if granted, and the motion undoubtedly may be resolved without any additional discovery given that it is based entirely on Plaintiff's allegations and the contents of OpenSea's Terms of Service—which are subject to judicial notice, and even if they were not, are not themselves necessary to grant OpenSea's motion, which is based on several independent grounds.  (*See generally* OpenSea MTD, ECF No. 71.)

The third factor likewise decisively favors a stay of discovery:  the Court's "preliminary peek" at OpenSea's motions to dismiss will confirm that this is a case where "delaying discovery

would prevent economic waste, since conducting discovery before the ruling on the motions to dismiss would be futile." *Urb. Outfitters*, 2021 WL 3605053, at *4 (granting stay where given that plaintiff likely failed to state a claim for relief). As set forth in greater detail in OpenSea's Motion to Dismiss, this is true for the following reasons:

**First**, OpenSea owed no duty to Plaintiff to prevent a third-party scammer from stealing his NFTs via a phishing attack on a different (and unaffiliated) online platform named "Discord" and relisting the stolen NFTs for sale using OpenSea because the OpenSea platform was not in a "special relationship" with him. (OpenSea MTD at 7-11; *see, e.g.*, *Beckman v. Match.com, LLC*, 743 F. App'x 142, 142 (9th Cir. 2018) (Mem. Disp.) (no duty under Nevada law for website to protect subscribers from harm caused by third parties where plaintiff failed to allege facts sufficient to show a "special relationship").)

Plaintiff fails to allege facts establishing that a "special relationship" existed, and courts have repeatedly held that websites and other similar online platforms do not have such a relationship with their users under these circumstances, where a requisite degree of control over the user (such that the user is unable to protect himself from the foreseeable harm by the third-party) does not exist. *Beckman*, 743 F. App'x 142 (citing *Scialabba v. Brandise Constr. Co.*, 921 P.2d 928, 930 (Nev. 1996) (existence of duty "turns on whether [the defendant] exercised control over the premises")); *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1100-01 (9th Cir. 2019) ("No website could function if a duty of care was created when a website facilitates communication, in a content-neutral fashion, of its users' content. . . . We decline to create such a relationship."). Plaintiff's attempt to conjure the existence of a special relationship through the bald allegation that that OpenSea possesses market dominance likewise fails. (*See* OpenSea MTD at 11-13, ECF No. 71.) Because OpenSea owed Plaintiff no duty as a matter of law, his negligence claim fails.

**Second**, even if OpenSea did owe Plaintiff a duty, the allegations of Plaintiff's Amended Complaint demonstrate that OpenSea did not breach such duty, and that OpenSea is not the proximate cause of Plaintiff's damages. (*See* OpenSea MTD at 13-14, ECF No. 71.) Plaintiff admits that: (i) the phishing attempt to which he fell victim occurred on a third-party platform,

not OpenSea (FAC ¶¶ 80-81, ECF No. 62); (ii) OpenSea warned users of the risks of third-party misconduct (*see id*. ¶ 8); and (iii) OpenSea acted promptly to disable the NFTs on its platform once notified, preventing the resale of two of Plaintiff's three stolen NFTs (*id*. ¶ 96; 4).

Plaintiff further admits that OpenSea is powerless to reverse or undo a transaction once it has been "permanent[ly] and irreversibl[y]" recorded on the blockchain; and that OpenSea had no ability to "prevent the stolen NFTs from being purchased or traded on any other NFT marketplaces" other than OpenSea. (FAC ¶¶ 4, 95.) Thus, regardless of whether OpenSea had prevented the resale of *all* of Plaintiff's NFTs on its site, Plaintiff would have suffered the identical injury, and OpenSea was not the proximate cause of such harm. (*See* OpenSea MTD at 14-16, ECF No. 71.)

Plaintiff's substantially identical claims for negligent hiring, training, and supervision also fail for similar reasons. (*Id.* at 16-19.) As with his negligence claim, Plaintiff does not allege that *OpenSea*—or more specifically in this instance, *OpenSea's employees*—caused him harm. Because such a showing is required to plead claims for negligent hiring, training, and/or supervision, and because Plaintiff cannot plausibly plead that OpenSea employees caused him harm—to the contrary, he pleads that a third-party unaffiliated with OpenSea caused him permanent and irreversible harm—these claims fail as a matter of law. *Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175, 1181 (Nev. 1996) (the person causing harm "must actually be an employee" to establish liability for negligent hiring, training, or supervision); *Bock-Kasminoff v. Walmart, Inc.*, No. 2:20-CV-00949-JAD-EJY, 2022 WL 891448, at *3 (D. Nev. Mar. 24, 2022) ("Without evidence that Walmart was responsible for the liquid on the floor, [Plaintiff] can't" show that her "injury was caused by an employee").

***Third***, all of Plaintiff's claims are barred by OpenSea's Terms of Service, which Plaintiff voluntarily accepted multiple times and which contains an unambiguous exculpatory clause that expressly applies to negligence actions like this one. (*See* OpenSea MTD at 19-22, ECF No. 71; Meader Decl. ¶¶ 5-8 & Ex. A at 12 ("IN NO EVENT WILL OPENSEA BE LIABLE TO YOU OR ANY THIRD PARTY FOR ANY . . . NEGLIGENCE"), ECF No. 72; *My Daily Choice, Inc. v. Butler*, No. 2:20-CV-02178-JAD-NJK, 2021 WL 3475547, at *6 (D. Nev. Aug. 6, 2021)

1   (enforcing terms presented, like those here, "as a clear hyperlink near an 'I understand and agree
2   to these policies and procedures' button").)

3        No additional discovery is required to determine the contents of the Terms of Service
4   because the Terms are properly subject to judicial notice and incorporated by reference by the
5   First Amended Complaint.  (*See* Defendant Ozone Networks, Inc.'s Request for Judicial Notice
6   In Support of Motion to Dismiss Amended Complaint, ECF No. 73 (explaining that the Terms to
7   which Plaintiff agreed appear on a publicly accessible website and are capable of accurate and
8   ready determination by resort to sources whose accuracy cannot reasonably be questioned).)

9        Because the exculpatory provision "unambiguously identifies the parties' intent" to
10  exculpate OpenSea for liability for harm caused by third-party conduct, including "phishing,"
11  and for any liability allegedly caused by negligence, and all three negligence claims in this action
12  involve such activity, the claims are barred by the Terms of Service.  *Kaufman v. Sweat It Out,*
13  *Inc.*, No. A-18-778889-C, 2020 WL 4251083, at *3 (Nev. Dist. Ct. June 17, 2020) ("The
14  exculpatory clause unambiguously identifies the parties' intent; and therefore, the Court has no
15  authority to alter the terms of the Agreement."); *Cruz v. Sun Buggy Fun Rentals, Inc.*, No.
16  11A652884, 2012 WL 7831781, ¶¶ 6, 9 (Nev. Dist. Ct. Nov. 19, 2012) (exculpatory provision
17  enforceable when customers "simply can walk away").

18       ***Fourth*** and finally, all of Plaintiff's claims are also barred by Nevada's economic loss
19  doctrine, which bars recovery for economic losses "absent personal injury or damage to property
20  other than the defective entity itself."  *Calloway v. City of Reno*, 993 P.2d 1259, 1267 (Nev.
21  2000), *overruled on other grounds by Olson v. Richard*, 89 P.3d 31, 33 (Nev. 2004); *Blanck v.*
22  *Hager*, 360 F. Supp. 2d 1137, 1157-59 (D. Nev. 2005) (dismissing negligent hiring, training, and
23  supervision claim).  "The term 'economic loss' refers to damages that are solely monetary, as
24  opposed to damages involving *physical harm* to person or property."  *Giles v. Gen. Motors*
25  *Acceptance Corp.*, 494 F.3d 865, 879 (9th Cir. 2007); *Pelletier v. Rodriguez*, No. 3:17-CV-
26  00642-MMD-EJY, 2021 WL 3008594, at *9 (D. Nev. July 15, 2021) ("Plaintiff does allege harm
27  to his property, but the harm alleged is purely economic: 'damages to crop, loss of cattle business
28  opportunities, loss of profits from sale of Alfalfa/Orchard grass, and delays of closing.'").  Here,

1   the harm Plaintiff alleges is solely economic in nature—he does not allege any physical harm to

2   person or property as is required to survive dismissal under the economic loss rule.  (*See*

3   OpenSea MTD at 23-25, ECF No. 71).

4          For each of the aforementioned reasons, OpenSea is likely to succeed in dismissing

5   Plaintiff's Amended Complaint, and a stay of discovery pending the Court's resolution of

6   OpenSea's motion to dismiss is therefore warranted.  *See Godwin*, 2021 WL 564901, at *2

7   (granting stay of discovery when "the Court is not convinced that Plaintiff will survive dismissal"

8   while acknowledging that this conclusion may differ from that of the assigned district judge);

9   *5035 Vill. Tr. v. Durazo,* No. 2:15-CV-00747-GMN-NJK, 2016 WL 6246304, at *3 (D. Nev. Oct.

10  24, 2016) (granting discovery stay where the pending motion "present[ed] a dispositive legal

11  question that would resolve Plaintiff's claims without the need for discovery"); *Segal v. Lefebvre*,

12  No. 2:13-CV-01511-JCM, NJK, 2013 WL 12130553, at *2 (D. Nev. Nov. 14, 2013) ("[I]t is more

13  just to delay discovery to accomplish the inexpensive determination of the case than to speed the

14  parties along in discovery while the dispositive motions are pending."); *Urb. Outfitters*, 2021 WL

15  3605053, at *4-5 (noting that "the Court's duty is to ensure an inexpensive determination of this

16  action" and granting motion to stay even while "recogniz[ing] the District Court may disagree and

17  find that dismissal is not proper").

18  **V.     CONCLUSION**

19         The Court should stay discovery or otherwise extend the deadlines triggered by Fed. R.

20  Civ. P. 26(f) and LR 26-1 until such time as the pending motions to dismiss have been decided.

21

22  DATED this 3rd day of August, 2022.

23                                          DICKINSON WRIGHT PLLC

24                                          ___/s/ Justin J. Bustos_____
                                            JOHN P. DESMOND
25                                          Nevada Bar No. 5618
                                            JUSTIN J. BUSTOS
26                                          Nevada Bar No. 10320
                                            100 W. Liberty Street, Suite 940
27                                          Reno, NV 89501
                                            Tel: (775) 343-7500
28                                          Fax: 844-670-6009

Email: jdesmond@dickinsonwright.com
Email: jbustos@dickinsonwright.com

MUNGER, TOLLES & OLSON, LLP
JONATHAN H. BLAVIN (Pro Hac Vice)
560 Mission Street, 27th Floor
San Francisco, CA  94105
Tel: (415) 512-4011
Email:  Jonathan.Blavin@mto.com

ERIN J. COX (Pro Hac Vice)
BRANDON R. TEACHOUT (Pro Hac Vice)
APRIL D. YOUPEE-ROLL (Pro Hac Vice)
350 South Grand Avenue, Suite 5000
Los Angeles, CA  90071
Tel:  (213) 683-9100
Email: Brandon.Teachout@mto.com
Email: Erin.Cox@mto.com
Email: April.Youpee-Roll@mto.com

*Attorneys for Defendant Ozone Networks, Inc. d/b/a
OpenSea, a New York Corporation*

## CERTIFICATE OF SERVICE

The undersigned, an employee of Dickinson Wright PLLC, hereby certifies that on the 3rd day of August 2022, caused a copy of the foregoing **DEFENDANT OZONE NETWORKS, INC.'S MOTION TO STAY DISCOVERY OR EXTEND DEADLINES** to be transmitted by electronic service in accordance the Court's CM/ECF e-filing system, addressed to:

Emily Brinn Nuvan (Pro Hac Vice)
Jose A. Abarca (Pro Hac Vice)
Romaine C. Marshall (Pro Hac Vice)
Armstrong Teasdale LLP
201 South Main Street, Suite 750
Salt Lake City, UT 84111
enuvan@atllp.com
jabarca@atllp.com
rmarshall@atllp.com

*Attorneys for Plaintiff Robert Armijo*

John D. Tennert
Fennemore Craig, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
jtennert@fclaw.com

*Attorneys for Defendant Yuga Labs, LLC*

Alison Clare Jordan
Fenwick & West LLP
801 California Street
Mountain View, CA 89041
Ajordan@fenwick.com

*Attorneys for Defendant Yuga Labs, LLC*

Michelle D. Alarie
Armstrong Teasdale LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
malarie@atllp.com

*Attorneys for Plaintiff Robert Armijo*

Samuel Sahagian (Pro Hac Vice)
Jennifer C. Bretan (Pro Hac Vice)
Katherine A. Marshall (Pro Hac Vice)
Michael S. Dicke (Pro Hac Vice)
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
ssahagian@fenwick.com
jbretan@fenwick.com
kmarshall@fenwick.com
mdicke@fenwick.com

*Attorneys for Defendant Yuga Labs, LLC*

/s/ Laura P. Browning
An Employee of Dickinson Wright PLLC