MICHELLE D. ALARIE, ESQ.
Nevada Bar No. 11894
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  702.678.5070
Facsimile:  702.878.9995
malarie@atllp.com

EMILY NUVAN, ESQ. (LR IA 11-2 admitted)
Utah Bar No. 17722
ARMSTRONG TEASDALE LLP
201 South Main Street, Suite 750
Salt Lake City, Utah 84111
Telephone: 801.401.1406
enuvan@atllp.com

ROMAINE C. MARSHALL, ESQ. (LR IA 11-2 admitted)
Utah Bar No. 9654
JOSE ABARCA, ESQ. (LR IA 11-2 admitted)
Utah Bar No. 12762
POLSINELLI
2825 E Cottonwood Parkway, Suite 500
Salt Lake City, UT 84104
rmarshall@polsinelli.com
jabarca@polsinelli.com

*Attorneys for Plaintiff Robert Armijo*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ARMIJO,<br><br>            Plaintiff,<br><br>      vs.<br><br>OZONE NETWORKS, INC. d/b/a OPENSEA, a New York Corporation; YUGA LABS, INC. f/k/a YUGA LABS, LLC d/b/a BORED APE YACHT CLUB, a Delaware corporation; LOOKSRARE; and DOES 1 to 50,<br><br>            Defendants. | Case No.: 3:22-cv-00112-MMD-CLB<br><br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Court's Order To File Case Management Report entered July 21, 2022 (ECF No. 69), Plaintiff Robert Armijo ("Mr. Armijo"), Defendant Yuga Labs, Inc. ("Yuga Labs"), and Defendant Ozone Networks, Inc d/b/a OpenSea

("OpenSea") (collectively with Yuga Labs, "Defendants") submit this Joint Case Management Report. Yuga Labs submits this report without waiving any defenses based on this Court's lack of personal jurisdiction over Yuga Labs, or the arguments set forth in its pending motion to stay discovery (ECF No 78), and reserves all such rights.  As further described in their pending motions to stay discovery, and prior Rule 26 submission, Defendants contend discussion of discovery matters is premature here, where there are meritorious motions to dismiss on jurisdictional and substantive grounds pending and they have moved to stay all discovery, accordingly.

       **1.**      **Nature of the case; description of each claim and defense.**

       <u>**Mr. Armijo Position**</u>: This case arises out of the theft of Mr. Armijo's valuable Bored Ape Yacht Club and Mutant Ape Yacht Club non-fungible tokens ("BAYC NFTs"). Mr. Armijo alleges that OpenSea and LooksRare[1] failed to implement common sense and reasonable security measures to prevent the foreseeable fraud and sale of stolen NFTs on their online NFT marketplaces. OpenSea's inaction resulted in a thief selling Mr. Armijo's BAYC NFT on the OpenSea platform within hours of the theft and for far less than market value.  Mr. Armijo also alleges that Yuga Labs failed to monitor its proprietary and exclusive Bored Ape Yacht Club membership to deny entry to individuals whose access is predicated on a stolen BAYC NFT.  Yuga Labs denies rightful members, like Mr. Armijo, the valuable benefits of membership while enriching the purveyors of stolen BAYC NFTs.  Due to these failures, Defendants have created a situation that incentivizes thieves to target and attack individuals who own valuable NFTs. Here, Mr. Armijo was targeted and fell prey to a phishing scam, causing him to lose his valuable BAYC NFTs, but also, his membership in the Bored Ape Yacht Club and the commercialization rights he possessed in his underlying BAYC NFTs.

       Mr. Armijo is asserting the following claims against Yuga Labs:

- <u>**Negligence**</u> – Yuga Labs breached the duties it owed to Mr. Armijo, based on the special relationship it had with him, to monitor and verify the BAYC NFTs used to access its proprietary ape club and to provide adequate customer service and reporting measures for victims of BAYC NFT theft.

---

[1] Defendant LooksRare has not appeared in this action.  Defendants believe plaintiff's failure to address this issue is another reason why case scheduling is premature. Mr. Armijo's position is that under the Local Rules, discovery may proceed where only one of many defendants has yet to appear and that Defendants articulate no reason why discovery should not proceed because of this issue.

- **Breach of Contract** – Yuga Labs extended an offer to Mr. Armijo to become a member of the Bored Ape Yacht Club, which Mr. Armijo accepted when he purchased his BAYC NFTs and Yuga Labs received a 2.5% royalty in return. Yuga Labs has materially breached its obligations under the contract by depriving Mr. Armijo of his club membership and refusing to confer upon him the benefits and offerings it conveys to ape club members.

- **Breach of the Implied Covenant of Good Faith and Fair Dealing** – Mr. Armijo entered into a contract with Yuga Labs with the justified expectation he would receive Bored Ape Yacht Club membership and the benefits included with membership. Yuga Labs breached the implied covenants of good faith and fair dealing by, among other things, wrongfully depriving Mr. Armijo of his club membership while simultaneously granting those membership rights and benefits to the individual that procured Mr. Armijo's BAYC NFTs from theft.

Mr. Armijo is asserting the following claims against OpenSea and LooksRare:

- **Negligence** – OpenSea and LooksRare breached the duties they owed to Mr. Armijo, based on the special relationship each had with him, to monitor their NFT marketplaces for stolen NFTs and to provide adequate, immediate, and equal customer service to victims of theft that occurred on their platforms.

- **Negligent Supervision and Training** – OpenSea and LooksRare breached the duties they owed to Mr. Armijo to supervise and train their employees to timely respond to reports of theft from NFT consumer and to prohibit stolen NFTs from being bought or sold on their platforms.

- **Negligent Hiring** – OpenSea and LooksRare breached the duties they owed to Mr. Armijo to hire a sufficient number of competent employees to effectively respond to reports of theft and monitor OpenSea's and LooksRare's platforms for stolen NFTs.

**Yuga Labs' position**:  This case arises out of the alleged theft of plaintiff's Bored Ape and Mutant Ape non-fungible tokens (the "Bored Ape NFTs") by an unrelated third party.  In his First Amended Complaint ("FAC"), plaintiff admits that he purchased his Bored Ape NFTs from secondary sellers (*not* Yuga Labs), that Yuga Labs had nothing whatsoever to do with the events leading to the loss, and that the only purported interaction plaintiff had with Yuga Labs was in connection with plaintiff's *after-the-fact* outreach on Discord (a community chat and sharing platform used by many NFT projects).  *See* ECF No. 62 (FAC) ¶¶ 33-37, 80-85, 89-91.  Despite this, plaintiff contends that Yuga Labs is somehow

negligent for not preventing the criminal attack and not voluntarily coming to his aid in the aftermath. Not only do all three of plaintiff's claims fail as a matter of law, this Court also lacks personal jurisdiction over Yuga Labs.  Yuga Labs has moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) for lack of personal jurisdiction and failure to state a claim, accordingly.  ECF No. 74 ("MTD").  As explained in more detail in Yuga Labs' motion, it has set for the following principal defenses to plaintiff's claims:

- **No Jurisdiction**:  Yuga Labs is a Delaware corporation with no offices, employees, or contractors in Nevada; it has never purchased or used any physical advertising space in the state of Nevada; and it has never held a sales or marketing event – or an event of any kind – in the state of Nevada, so there is no jurisdiction over it in Nevada.  Even if Yuga Labs ever sold anything to Nevada residents (which plaintiff does not allege), those sales have no connection to plaintiff's claims.  Nor do any of the other asserted bases for personal jurisdiction, such as Yuga Labs' website or social media channels, support jurisdiction or have any connection to plaintiff's claims.

- **No Negligence Claim**:  Plaintiff's failure to allege an existing duty of care is fatal to his negligence claim.  Under Nevada law, there is no duty to prevent the criminal acts of a third party unless a special relationship exists – and plaintiff does not and cannot credibly allege that here. Likewise, there is no "duty to monitor" or "to provide adequate customer service" under Nevada law. Because Yuga Labs did not owe plaintiff any duties, there is no breach.  Moreover, as alleged by plaintiff in his FAC, Yuga Labs did not cause plaintiff's injuries, which are also barred by the economic loss doctrine.

- **No Contract Claims**:  Plaintiff's contract claims suffer from numerous deficiencies, including that Yuga Labs' social media statements did not create a contract or constitute an offer to enter one, and the actual terms and conditions applicable to Bored Ape NFTs preclude plaintiff's claims.  If anything, those terms (and plaintiff's own allegations) make clear that there is no contractual "membership right" in the Bored Ape Yacht Club absent ownership of an NFT as evidenced by the records on the blockchain. As plaintiff implicitly concedes, the BAYC NFT he previously owned is now owned by another party.

  Further, without a valid contract, plaintiff's claim for breach of the implied covenant also fails.

**OpenSea's position**:  OpenSea operates a web3 platform through which users can explore NFTs and

connect directly with other users to buy or sell NFTs in peer-to-peer transactions.  Plaintiff alleges that although he used the OpenSea platform to purchase three NFTs from other users, those NFTs were stored in his own personal "wallet," not on OpenSea, and were subsequently stolen by a third-party scammer using a different and totally unaffiliated online platform, "Discord."  OpenSea contends that it is not liable for this harm caused by a third party on an unaffiliated platform because: (1) OpenSea was not in a special relationship with the Plaintiff and therefore had no duty to him given that it did not have custody or control over Plaintiff's activities on Discord, Plaintiff's NFTs, or the broader NFT community; (2) even if it did, OpenSea's immediate action to disable the listings on OpenSea did not constitute breach and did not cause Plaintiff's alleged harm—the loss of his NFTs and associated benefits—which he alleges became "permanent and irreversible" the second the NFTs were stolen; (3) Plaintiff's substantially identical claims for negligent hiring and negligent training and supervision fail because he does not allege that OpenSea's employees caused him harm; (4) the exculpatory provision in OpenSea's Terms of Service expressly bars Plaintiff's claims; and (5) the economic loss doctrine also bars Plaintiff's claims.  ECF No. 71.  The motion is pending.

   2.   **The jurisdictional bases for the case, citing specific jurisdictional statutes. If based on diversity, the citizenship of each party and the amount in controversy.**

   **Mr. Armijo's position**:  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) based on diversity of citizenship.  At the time of filing the Complaint, the citizenship of each party was as follows:  Mr. Armijo was a citizen of Nevada; OpenSea was a citizen of New York; Yuga Labs was a citizen of Delaware and Florida;[2] and LooksRare was believed to be a private limited company registered in the United Kingdom as of January 26, 2022.  As set forth in the First Amended Complaint, the amount in controversy is at least $303,693 representing the value of Mr. Armijo's BAYC NFTs at the time of purchase that were lost due to Defendants' alleged negligence and breaches.

   **Yuga Labs and OpenSea's position**:  As described above and in Yuga Labs' MTD and motion to stay discovery, this Court lacks general or specific personal jurisdiction over Yuga Labs.  Further, unless plaintiff dismisses the Doe Defendants, plaintiff cannot meet his burden of proving that complete diversity

---

[2]  Mr. Armijo came to learn that six days before filing his Complaint, Yuga Labs LLC converted to a Delaware corporation becoming Yuga Labs, Inc with its principal place of business in Florida.

of citizenship exists among the parties.  Plaintiff has not provided the citizenship of the fifty unnamed "Doe" defendants, which prevents the Court from evaluating whether complete diversity exists.  If complete diversity does not exist, this matter cannot proceed.  *See Doe v. Tapang,* 2019 WL 3576995, at (N.D. Cal. Aug. 6, 2019), *aff'd*, 834 Fed. Appx. 399 (9th Cir. 2021) (citing *Fifty Associates v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970)).  It is also unclear that plaintiff was actually domiciled in Nevada and thus a citizen of Nevada when he filed the FAC or the original complaint.  *See* MTD at 12 n.1.

### 3.     Whether any party expects to add additional parties or amend the pleadings.

**Mr. Armijo's position:**          Not at this time.

**Yuga Labs' position:**           Not at this time.

**OpenSea's position:**            Not at this time.

### 4.     Pending motions.

**Yuga Labs' Motions**:

On July 29, 2022, Yuga Labs filed a motion to dismiss the FAC pursuant to Federal Rules of Procedure 12(b)(2) and 12(b)(6) for lack of personal jurisdiction and failure to state a claim.  ECF No. 74.  The bases for the motion to dismiss are discussed above on pages 3-4.  The motion is pending.

On August 3, 2022, Yuga Labs filed a motion to stay discovery or extend deadlines under Federal Rule of Civil Procedure 26(f) and Local Rule 26-1 and to vacate case management and scheduling orders.  ECF No. 78.  In the motion, Yuga Labs asserts that a stay is warranted due to (1) Yuga Labs' motion to dismiss challenging personal jurisdiction, which presents a "critical preliminary question" that "strongly favors a stay", *see Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 12321307, at *1-2 (D. Nev. Apr. 15, 2013), *see also Georgiou Family Trust v. Ruthen*, 2022 WL 195076 (D. Nev. Jan. 21, 2022); (2) Yuga Labs' motion to dismiss for failure to state a valid claim for relief, *see Duffy v. ASNY NY, LLC*, 2022 WL 1785395 (D. Nev. May 31, 2022); and (3) the competing interests of the parties, which warrant a stay, given the prejudice to Yuga Labs and the unnecessary hardship that proceeding with discovery would impose in the event Yuga Labs' dispositive motion is granted.  For the same reasons, Yuga Labs asked the Court to vacate the existing case management and scheduling orders as premature.  The motion is pending.

**OpenSea's Motions**: On July 29, 2022, OpenSea filed a motion to dismiss the FAC pursuant to FRCP 12(b)(6) for failure to state a claim because as stated above at pages 4-5, (1) OpenSea had no duty to Plaintiff because it was not in a special relationship with the Plaintiff; (2) even if it did, OpenSea's actions did not constitute breach and did not cause Plaintiff's alleged harm; (3) Plaintiff's claims for negligent hiring and negligent training and supervision also fail; (4) the exculpatory provision in OpenSea's Terms of Service bars Plaintiff's claims; and (5) the economic loss doctrine also bars Plaintiff's claims.  ECF No. 71.  The motion is pending.

On August 3, 2022, OpenSea filed a motion to stay discovery under FRCP 26(f) and Local Rule 26-1.  ECF No. 80.  OpenSea asserts that a stay is warranted pending resolution of its motion to dismiss, which is potentially dispositive of the entire case and may be readily decided without additional discovery.   Because the Court's "preliminary peek" at the merits of OpenSea's motion will demonstrate that Plaintiff is unlikely to be able to state a claim for relief against OpenSea, a stay of discovery until such time as the Court resolves OpenSea's motion is warranted.  *Urb. Outfitters, Inc. v. Dermody Operating Co.*, No. 3:21-cv-00109-MMD-CLB, 2021 WL 3605053 (D. Nev. Aug. 13, 2021).

OpenSea also filed a joinder to Yuga Labs' motion to stay discovery.  ECF No. 82.

**5.      Whether this case is related to any other case.**

This case is not related to any other cases pending before this Court or any other court.

**6.      Discovery.**

**a)      The date Rule 26(f) initial disclosures were provided or will be provided.**

At the July 8, 2022 Rule 26 conference of the parties, Yuga Labs and OpenSea stated objections to exchanging initial disclosures as premature in light of their upcoming renewed motions to dismiss. Mr. Armijo served his Initial Disclosures on July 22, 2022.  On July 22, 2022, OpenSea and Yuga Labs served their respective Objections to Initial Disclosures noting that initial disclosures were premature because they would be filing potentially dispositive FRCP 12 motions on jurisdictional and substantive grounds and moving to stay discovery.

**b)**     **Discovery requests to date**.

No written discovery requests have been served to date, although Mr. Armijo's counsel indicated an intention to do so at the July 8, 2022 Rule 26 conference.   As stated above, Yuga Labs and OpenSea each take the position that any discovery in this matter is premature until after their dispositive motions are resolved and each has moved to stay discovery, accordingly.

**c)**     **Whether the parties anticipate the need for a protective order.**

Yes, the parties anticipate that a protective order will be needed with respect to certain areas of discovery contemplated in this action, and governing the treatment of confidential and highly confidential materials in this action, and will submit a proposed stipulated protective order for this Court's consideration if discovery commences.  As noted, Yuga Labs and OpenSea each take the position that any discovery in this matter is premature until after the pending dispositive challenges on jurisdictional and substantive grounds are resolved, which may dispose of this action in its entirety.  In the event the matter proceeds, Yuga Labs and OpenSea will seek entry of a protective order as described above.

**d)**     **Timing, sequencing, phasing or scheduling of discovery.**

OpenSea and Yuga Labs filed Motions to Stay Discovery (ECF Nos. 78, 80) seeking to stay all discovery pending adjudication of their respective FRCP 12 motions and to vacate the existing Scheduling Order and Rule 26 Report as premature.

**<u>Mr. Armijo's position</u>**:  Mr. Armijo opposes a stay of discovery and will file his responses to the Motions to Stay Discovery by August 22, 2022.  Mr. Armijo requests that the parties adhere to the discovery deadlines contained within the Scheduling Order adopted by the Court on July 21, 2022 (ECF No. 66).

**<u>Yuga Labs and OpenSea's position</u>**:  Yuga Labs and OpenSea's motions to stay discovery asked that this Court vacate its July 21, 2022 Scheduling Order and the proposed case schedule to which they had objected as premature in light of their potentially case-dispositive motions to dismiss (including, as to Yuga Labs, for lack of personal jurisdiction). Defendants maintain that discovery should be stayed, and a case schedule should not be set, until the Court determines the jurisdictional issue as to Yuga Labs, the legal sufficiency of plaintiff's claims is resolved, and the pleadings are set, in the event the case proceeds.

e)    **Whether discovery outside of the District of Nevada or the United States is anticipated; description of the proposed discovery, if so.**

**Mr. Armijo's position**:        Many of defendants' fact witnesses and corporate representatives reside outside of Nevada; therefore, it is anticipated that those depositions will need to take place outside the District of Nevada.  Mr. Armijo also anticipates issuing document and deposition subpoenas to third parties that reside outside of Nevada.

**Yuga Labs and OpenSea's position**:  Should this matter survive Yuga Labs and OpenSea's motions to dismiss on jurisdictional and substantive grounds (before which discovery is premature), Defendants anticipate the need to take discovery outside the District of Nevada.  Among other things, it appears that plaintiff may not be a Nevada resident; if so, the Court may not have jurisdiction, or at the very least, defendants would have a compelling argument to dismiss or transfer the case under the doctrine of *forum non conveniens*.

f)    **Number of depositions; location; manner**

**Mr. Armijo's position**:        Mr. Armijo is unable to estimate the number of depositions needed at this time because Defendants have not yet served their initial disclosures and no written discovery has been served/answered to date.  At a minimum, Mr. Armijo anticipates that he will take the FRCP 30(b)(6) depositions for each Defendant at a mutually agreeable location and the depositions will be video-recorded.

**Yuga Labs and OpenSea's position**:  As stated above, discovery (and discovery planning) in this matter is premature until the dispositive motions are resolved and, if the matter proceeds, the pleadings set.  Yuga Labs and OpenSea are thus unable to estimate the number of depositions needed at this time because it is unclear whether this action may proceed against them and, if so, which of plaintiff's claims, if any, will survive a motion to dismiss.

7.    **Types of ESI expected; location; any agreements or  disagreements related to ESI:**

**Mr. Armijo's position**:  Mr. Armijo anticipates that the majority of discovery expected in this case will be ESI. This includes but is not limited to emails, texts, messages on internal communication platforms, Twitter posts and direct messages, Discord posts and direct messages, Instagram posts and direct messages, smart contract codes, and Ethereum blockchain entries. The ESI is located in multiple places:

- Yuga Labs' and OpenSea's social media accounts, public and private Discord Servers, internal communications networks, internal computer networks, servers, storage systems, and cloud storage accounts

- The personal social media accounts and personal communication devices of Yuga Labs' and OpenSea's founders and employees, including cellphones, computers, and laptops

Because Defendants have not yet served their initial disclosures and no written discovery has been served/answered to date, no agreements have currently been reached between the parties related to ESI, nor are there any outstanding disagreements between the parties for the same reason.

**Yuga Labs and OpenSea's position**:  Yuga Labs and OpenSea have fully complied with their obligations regarding preservation of ESI.  However, as stated above, Yuga Labs and OpenSea believe that any discovery in this matter, including the negotiation of an ESI agreement, is premature until after their pending dispositive motions are resolved.  Should this case proceed thereafter, Yuga Labs and OpenSea anticipate that most of the discovery in this case will be ESI.  That includes but is not limited to Mr. Armijo's emails, text messages, and messaging application communications, documents from Mr. Armijo's social media accounts, including Twitter and Discord, and documents related to other pending legal matters involving Mr. Armijo and/or his business dealings in the financial services industry which bear upon his credibility, sophistication, and why it is, financially speaking, that he may be seeking to extract a settlement from Yuga Labs and OpenSea notwithstanding there being no factual basis for naming them as defendants in this suit about the alleged theft of NFTs by an unrelated third-party bad actor.  Any discovery from or regarding the personal social media accounts and personal communication devices of OpenSea and/or Yuga Labs' founders and employees would be irrelevant, harassing, and wildly disproportionate to the needs of the case.

8.      **Whether a jury trial is requested or contested, and estimated length for trial.**

Mr. Armijo requested a jury trial on all matters so triable.  Yuga Labs and OpenSea have yet to answer, and given their pending motions to dismiss, may not have to do so; therefore, the question of whether they will demand a jury trial, or not, is not yet ripe.  At this time, the parties are unable to estimate the length of trial in this matter because OpenSea's and Yuga Lab's FRCP 12 motions are

pending, so the pleadings and parties are not yet settled.  In addition, no discovery has been conducted to date.

**9.      Possibility of settlement and when the parties desire a court sponsored settlement conference, i.e., before further discovery, after discovery, after dispositive motions, etc.**

At the July 8, 2022, Rule 26 conference, Mr. Armijo raised the possibility of settlement, however, in light of their pending motions, Yuga Labs and OpenSea are not interested in exploring settlement at this time.  Mr. Armijo has indicated an interest in court sponsored settlement conference following the Court's rulings on the pending FRCP 12 motions. Yuga Labs and OpenSea do not believe that this would be fruitful.

**10.     Whether the parties intend to proceed before the magistrate judge.**

The parties do not intend to proceed before the Magistrate Judge.

**11.     SKIPPED IN ECF NO. 69**

**12.     Bifurcation or phasing of trial; shortening or expediting discovery; suggestions for pre-trial motions or trial.**

At this time, no party requests bifurcation or phasing of trial, nor are there currently any suggestions for shortening or expediting discovery, pre-trial motions, or trial.

**13.     Whether any party requests that a case management conference be set in the case:**

**<u>Mr. Armijo's position</u>**:  Based on the positions taken by OpenSea and Yuga Labs with respect to discovery while their FRCP 12 motions are pending, Mr. Armijo believes that a case management conference could assist the parties in managing and clarifying discovery.

**<u>Yuga Labs and OpenSea's position</u>**:  A case management conference is premature at this time where Yuga Labs and OpenSea each have pending before the Court potentially case-dispositive motions to dismiss that, among other things, raise this Court's lack of personal jurisdiction over Yuga Labs, and where the pleadings have not yet been tested and set.  Moreover, requiring participation in further case management and discovery planning, in light of Yuga Labs and OpenSea's pending motions, would impose some of the very burdens against which Yuga Labs and OpenSea currently seek relief in their

///

///

///

pending motions to stay discovery.

DATED this 22nd day of August, 2022.

**ARMSTRONG TEASDALE LLP**

By: ___/s/ Michelle D. Alarie_____
    MICHELLE D. ALARIE, ESQ.
    Nevada Bar No. 11894
    3770 Howard Hughes Parkway, Suite 200
    Las Vegas, Nevada 89169

    EMILY NUVAN, ESQ. (LR IA 11-2
    admitted)
    Utah Bar No. 17722
    ARMSTRONG TEASDALE LLP
    201 South Main Street, Suite 750
    Salt Lake City, Utah 84111

    ROMAINE C. MARSHALL, ESQ.
    (LR IA 11-2 admitted)
    Utah Bar No. 9654
    JOSE ABARCA, ESQ.
    (LR IA 11-2 admitted)
    Utah Bar No. 12762
    POLSINELLI
    2825 E Cottonwood Parkway, Suite 500
    Salt Lake City, UT 84104

*Attorneys for Plaintiff Robert Armijo*

DATED this 22nd day of August, 2022.

**MUNGER, TOLLES & OLSON, LLP**

By: ___/s/ Jonathan H. Blavin_____
    JONATHAN H. BLAVIN, ESQ.
    560 Mission Street, 27th Floor
    San Francisco, CA 94105

    JOHN P. DESMOND, ESQ.
    Nevada Bar No. 5618
    JUSTIN J. BUSTOS, ESQ.
    Nevada Bar No. 10320
    DICKINSON WRIGHT PLLC
    100 W. Liberty St., Suite 940
    Reno, NV 89501

*Attorneys for Defendant Ozone Networks, Inc.
dba OpenSea*

DATED this 22nd day of August, 2022.

**FENWICK & WEST LLP**

By: ___/s/ Jennifer C. Bretan_____
    MICHAEL S. DICKE, ESQ.
    California Bar No. 158187
    JENNIFER C. BRETAN, ESQ.
    California Bar No. 233475
    555 California Street, 12th Floor
    San Francisco, CA 94104

    JOHN D. TENNERT, III, ESQ.
    Nevada Bar No. 11728
    FENNEMORE CRAIG, P.C.
    7800 Rancharrah Parkway
    Reno, NV 89511

*Attorneys for Defendant Yuga Labs, Inc.*