MICHELLE D. ALARIE, ESQ.
Nevada Bar No. 11894
ARMSTRONG TEASDALE LLP
One Summerlin
1980 Festival Plaza Drive, Suite 750
Las Vegas, Nevada 89135
Telephone:  702.678.5070
Facsimile:  702.878.9995
malarie@atllp.com

EMILY NUVAN, ESQ. (LR IA 11-2 admitted)
Utah Bar No. 17722
ARMSTRONG TEASDALE LLP
201 South Main Street, Suite 750
Salt Lake City, Utah 84111
Telephone: 801.401.1406
enuvan@atllp.com

ROMAINE C. MARSHALL, ESQ. (LR IA 11-2 admitted)
Utah Bar No. 9654
JOSE ABARCA, ESQ. (LR IA 11-2 admitted)
Utah Bar No. 12762
POLSINELLI
2825 E Cottonwood Parkway, Suite 500
Salt Lake City, UT 84104
rmarshall@polsinelli.com
jabarca@polsinelli.com

*Attorneys for Plaintiff Robert Armijo*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT ARMIJO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>OZONE NETWORKS, INC. d/b/a OPENSEA, a New York Corporation; YUGA LABS, LLC d/b/a BORED APE YACHT CLUB, a Delaware limited liability company; LOOKSRARE; and DOES 1 to 50,<br>　　　　Defendants. | Case No.:  3:22-cv-00112-MMD-CLB<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT OZONE NETWORKS, INC.'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO STAY DISCOVERY OR EXTEND DEADLINES (ECF NO. 93)** |

Plaintiff, Robert Armijo, by and through his counsel, Armstrong Teasdale LLP and Polsinelli, files this Opposition to Defendant Ozone Networks, Inc.'s ("OpenSea") Motion for Leave to Submit Supplemental Authority in Support of Motion to Stay Discovery or Extend Deadlines ("Motion to

1

Supplement"). This Response in opposition is made and based upon the following Memorandum of Points and Authorities, the exhibit attached to OpenSea's Motion to Supplement, the papers and pleadings already on file herein, and any argument this Court may allow at the time of the hearing on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Pursuant to Local Rule 7-2(g), this Court should deny OpenSea leave to supplement because no good cause exists to allow supplementation. First, the recently decided authority that OpenSea seeks leave to submit, *Diep et al. v. Apple, Inc.*, No. 21-cv-10063-PJH, 2022 WL 4021776 (N.D. Cal. Sept. 2, 2022), is inapplicable to this dispute. In addition, OpenSea's motion asks this Court to prematurely decide a disputed issue raised in OpenSea's earlier Request for Judicial Notice wherein OpenSea asked this Court to take judicial notice of OpenSea's Terms of Service in deciding a pending Motion to Dismiss. *See* ECF No. 73. Not only does Mr. Armijo vehemently disagree that the Terms of Service apply in this instance, but he has not yet had the opportunity to fully respond to this argument as the date for responding to the Request for Judicial Notice is still weeks away. For these reasons, the Court should deny OpenSea's Motion to Supplement.

### II. PROCEDURAL HISTORY

On July 29, 2022, OpenSea filed a Motion to Dismiss the First Amended Complaint ("FAC"), arguing that Mr. Armijo failed to state a claim. *See* ECF No. 71 ("MTD"). In support of the MTD, OpenSea also filed a Request for Judicial Notice requesting that this Court take judicial notice of OpenSea's Terms of Service. Mr. Armijo's response in opposition to both filings is not due until October 3, 2022.

In the interim, OpenSea filed a Motion to Stay Discovery or Extend Deadlines on August 3, 2022. ECF No. 80 ("Motion to Stay"). Therein, OpenSea argued that a stay of discovery is warranted because all of Mr. Armijo's claims are barred by OpenSea's Terms of Service. *See id.* at 5-6. On August 22, 2022, Mr. Armijo filed his Response in Opposition to the Motion to Stay expressly contesting the applicability of the Terms of Service to the instant dispute. *See* ECF No. 86 at 9-10. Mr. Armijo further explained that he will be objecting to OpenSea's request for judicial notice and that any ruling by the

1  Court on the merits of whether the Terms of Service apply is premature. *See id.* at 10. OpenSea filed
2  its Reply in Support of the Motion to Stay on September 2, 2022 (ECF No. 92), followed by the instant
3  Motion to Supplement on September 8, 2022.

4  **III.    LEGAL ARGUMENT**

5        A district court may "grant a request to supplement authorities on a showing of good cause."
6  *Hunt v. Washoe Cnty. Sch. Dist.*, No. 3:18-cv-00501-LRH-WGC, 2019 WL 4262510, at *3 (D. Nev.
7  Sept. 9, 2019) (citing Local Rule 7-2(g)). "Good cause may exist either when the proffered
8  supplemental authority controls the outcome of the litigation, or when the proffered supplemental
9  authority is precedential, or particularly persuasive or helpful." *Alps Prop. & Cas. Ins. Co. v. Kalicki*
10 *Collier, LLP*, 526 F.Supp. 3d 805, 812 (D. Nev. 2021).

11       None of these guidelines apply here.

12       The *Diep* case was decided by a court in the Northern District of California and is, therefore,
13 not a precedential decision binding on this Court. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)
14 ("A decision of a federal district court is not binding precedent in either a different judicial district, the
15 same judicial district, or even upon the same judge in a different case.") (citation omitted). Neither is
16 the legal analysis in *Diep* "particularly persuasive or helpful" because the factual circumstances
17 underpinning the *Diep* decision are substantially different than the factual circumstances between Mr.
18 Armijo and OpenSea. *Cf. Alps*, 526 F.Supp. at 812 (the Court allowed nonprecedential supplemental
19 authority because the case involved the same plaintiff, addressed the same policy provisions, and was
20 based on similar factual circumstances). Finally, the *Diep* decision does not control the outcome of this
21 litigation because *Diep*'s holding is limited by the facts presented in that case. The facts here are
22 different, and the outcome in *Diep* has no bearing on this Court's decision.

23       In *Diep*, the plaintiffs brought suit against Apple claiming that Apple was liable for the actions
24 of a third party who posted a fraudulent application on Apple's App Store that was designed to mimic
25 a legitimate app. *See* 2022 WL 4021776 at *1. When users downloaded the fake app from the App
26 Store, they became victims of a "phishing program" that was able to gain access to the users' digital
27 wallets, which then routed all the users' cryptocurrency therein to the personal accounts of the hackers
28 who created the fraudulent app. *See id.* In the complaint, the plaintiffs explicitly referenced Apple's

Terms and Conditions in several paragraphs, and they did not dispute that their use of Apple's App Store *to download the fraudulent application* was subject to the Terms and Conditions, including the limitation of liability provision. *Id.* at *3, 7. When Apple requested that the court take judicial notice of the Terms and Conditions based on these facts, the plaintiffs *did not object* to the court's consideration of the Terms and Conditions. *Id.* The court therefore granted Apple's request.

Unlike the plaintiffs in *Diep*, who were customers of Apple and downloaded the fraudulent app directly from Apple's App Store, Mr. Armijo was not a customer or user of OpenSea when he was targeted and attacked by a scammer who stole his valuable Bored Ape Yacht Club ("BAYC") NFTs. OpenSea itself clearly acknowledges this when it stated Mr. Armijo's BAYC NFTs were stolen "by a third-party scammer operating not on OpenSea, but on a completely different, unaffiliated online platform called 'Discord.'" Motion to Stay at 1. As such, Mr. Armijo's claims are not subject to OpenSea's Terms of Service.

Likewise, Mr. Armijo has never conceded that he is subject to OpenSea's Terms of Service with respect to this litigation, and he will be objecting to OpenSea's Request for Judicial Notice along with filing his response in opposition to OpenSea's MTD when it is due in a few weeks' time. Mr. Armijo also did not reference the Terms of Service at any point in his FAC, nor do the Terms form the basis of his claims. *See id.* at *2-3 (The court relied on the "incorporation of reference doctrine" to find that judicial notice of the Terms and Conditions was appropriate because the plaintiffs referred to the Terms in their complaint.)

As set forth in Mr. Armijo's Opposition to OpenSea's Motion to Stay, discovery should only be stayed based on a pending dispositive motion "when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Brennan v. Cadwell Sanford Deibert & Garry LLP*, No. 2:20-cv-00799-JAD-VCF, 2020 WL 5653673, at *2 (D. Nev. Sept. 22, 2020). OpenSea's Motion to Supplement further illustrates the fact that the dispute over whether OpenSea's Terms of Service apply is a factual issue on which the parties fundamentally disagree. Consequently, a stay of discovery is disfavored in this case, and no good cause exists to allow OpenSea to supplement the record.

For the foregoing reasons, OpenSea's Motion to Supplement should be denied.

## VI. CONCLUSION

The Court should deny OpenSea's Motion for Leave to Submit Supplemental Authority in Support of Motion to Stay Discovery or Extend Deadlines and allow discovery to proceed as ordered in the July 21, 2022 Scheduling Order.

DATED this 16th day of September 2022.

**ARMSTRONG TEASDALE LLP**

By:  /s/ Michelle D. Alarie
MICHELLE D. ALARIE, ESQ.
Nevada Bar No. 11894
One Summerlin
1980 Festival Plaza Drive, Suite 750
Las Vegas, Nevada 89135

EMILY NUVAN, ESQ.
(LR IA 11-2 admitted)
Utah Bar No. 17722
ARMSTRONG TEASDALE LLP
201 South Main Street, Suite 750
Salt Lake City, Utah 84111

ROMAINE C. MARSHALL, ESQ.
(LR IA 11-2 admitted)
Utah Bar No. 9654
JOSE ABARCA, ESQ.
(LR IA 11-2 admitted)
Utah Bar No. 12762
POLSINELLI
2825 E Cottonwood Parkway, Suite 500
Salt Lake City, UT 84104

*Attorneys for Plaintiff Robert Armijo*

**CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Civ.P.5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of ARMSTRONG TEASDALE LLP, and that the foregoing document:

☒ was served via electronic service to the address(es) shown below:

John Patrick Desmond  jdesmond@dickinsonwright.com,
Justin James Bustos  jbustos@dickinsonwright.com
John D. Tennert  jtennert@fclaw.com,
Erin Joan Cox  erin.cox@mto.com
Alison Clare Jordan  ajordan@fenwick.com,
Michael S. Dicke  mdicke@fenwick.com
Jennifer C. Bretan  jbretan@fenwick.com
Katherine A. Marshall  kmarshall@fenwick.com
Samuel Sahagian  ssahagian@fenwick.com
April D. Youpee-Roll  april.youpee-roll@mto.com
Jonathan H. Blavin  jonathan.blavin@mto.com
Brandon R. Teachout  brandon.teachout@mto.com

☐ will be served via the U.S. Postal Service at Las Vegas, Nevada, in a sealed envelope, with first-class postage prepaid, dated _____, and to the address(es) shown below:

LooksRare, Ltd.
Chase Business Center
39-41 Chase Side
London, United Kingdom, N14 5BP

Date: September 16, 2022        /s/Christie Rehfeld
                                An employee of Armstrong Teasdale LLP