MICHELLE D. ALARIE, ESQ.
Nevada Bar No. 11894
ARMSTRONG TEASDALE LLP
One Summerlin
1980 Festival Plaza Drive, Suite 750
Las Vegas, Nevada 89135
Telephone:  702.678.5070
Facsimile:  702.878.9995
malarie@atllp.com

EMILY NUVAN, ESQ. (LR IA 11-2 admitted)
Utah Bar No. 17722
ARMSTRONG TEASDALE LLP
201 South Main Street, Suite 750
Salt Lake City, Utah 84111
Telephone: 801.401.1406
enuvan@atllp.com

ROMAINE C. MARSHALL, ESQ. (LR IA 11-2 admitted)
Utah Bar No. 9654
JOSE ABARCA, ESQ. (LR IA 11-2 admitted)
Utah Bar No. 12762
POLSINELLI
2825 E. Cottonwood Parkway, Ste. 500
Salt Lake City, Utah 84104
rmarshall@polsinelli.com
jabarca@polsinelli.com

*Attorneys for Plaintiff Robert Armijo*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| ROBERT ARMIJO, | Case No.: 3:22-cv-00112-MMD-CLB |
|---|---|
| Plaintiff, | |
| vs. | **PLAINTIFF'S OBJECTION TO DEFENDANT OZONE NETWORKS, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT (ECF NO. 73)** |
| OZONE NETWORKS, INC. d/b/a OPENSEA, a New York Corporation; YUGA LABS, LLC d/b/a BORED APE YACHT CLUB, a Delaware limited liability company; LOOKSRARE; and DOES 1 to 50, | |
| Defendants. | |

Plaintiff Robert Armijo, by and through his counsel, Armstrong Teasdale LLP and Polsinelli LLP, files his Objection to Defendant Ozone Networks, Inc.'s d/b/a OpenSea ("OpenSea") Request for Judicial Notice in Support of Motion to Dismiss Amended Complaint ("Request"). This Objection is

1

made and based upon the following Memorandum of Points and Authorities, the papers and pleadings already on file herein, and any argument this Court may allow at the time of the hearing on the Request.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

OpenSea's request that this Court to take judicial notice of OpenSea's Terms of Service ("Terms") is an improper attempt by OpenSea to insert its own version of events into this case and undermine Mr. Armijo's well-pleaded First Amended Complaint ("FAC"). Such is improper and OpenSea's Request should be denied because "[s]uch undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

In addition, OpenSea's Request goes beyond testing the sufficiency of Mr. Armijo's claims and asks this Court to improperly engage in fact-finding and prematurely determine the outcome of factual disputes between the parties.

For these reasons, OpenSea's Request for Judicial Notice in Support of Motion to Dismiss the Amended Complaint must be denied.

### II. LEGAL ARGUMENT

OpenSea's Terms are not subject to the incorporation-by-reference doctrine because Mr. Armijo never once referenced the Terms in his FAC nor do the Terms form the basis of Mr. Armijo's claims. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Additionally, although the Terms may be susceptible to judicial notice under Federal Rule of Evidence 201(b)(2) as a document that appears on a publicly accessible website, the assertions of fact OpenSea makes regarding the information contained within the Terms are not judicially noticeable for their truth. *See Khoja*, 899 F.3d at 999.

    **A.    The Terms Should Not be Incorporated by Reference into the First Amended Complaint**

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*, 899 F.3d at 998. The incorporation-by-reference doctrine is an exception to this rule. *Id.* Under the doctrine,

"a defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff' claim.'" *Id.* at 1002 (quoting *Ritchie*, 342 F.3d at 907). It is undisputed that Mr. Armijo never referenced OpenSea's Terms—not even in passing—in his FAC. Thus, this Court must deal with the more difficult issue of whether the Terms can form the basis of Mr. Armijo's FAC even though the FAC does not mention the document at all. *See id.* at 1002.

The incorporation-by-reference doctrine is a "narrow exception . . . it is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005) (citation omitted). In deciding a motion to dismiss, a court should not "generate an evidentiary record and then weigh evidence." *In re Network Equip. Techs., Inc. Litig.*, 762 F.Supp. 1359, 1368 (N.D.Cal.1991).

OpenSea's Terms do not form the basis of any claim in Mr. Armijo's FAC. Mr. Armijo brings three claims against OpenSea: negligence, negligent supervision and training, and negligent hiring. None of these claims arise from OpenSea's Terms or Mr. Armijo's use of his OpenSea account.

OpenSea claims that incorporation of the Terms is permitted because Mr. Armijo's "claims each flow from his use of the OpenSea service." Request at 3. This is not correct. Mr. Armijo was not subject to OpenSea's Terms at the time his NFTs were stolen because he was not using OpenSea's service when the theft occurred. As OpenSea clearly states in its Motion to Dismiss, Mr. Armijo's BAYC NFTs were stolen "by a third-party scammer using a completely different online platform—Discord—that is not affiliated with OpenSea in any way." MTD at 1. This is clearly a factual dispute between the parties. Asking this Court to conclude that the Terms, and the exculpatory clause included in them, apply to this case goes "beyond testing the sufficiency of the claims and into the realm of factual disputes." *Khoja*, 899 F3d at 1006.

Additionally, if a document "merely creates a defense to the well-pled allegations in the complaint," then that document cannot be said to form the basis of the complaint. Here, OpenSea is offering the Terms as evidence that the exculpatory clause contained within the Terms is a bar to Mr. Armijo's claims. "Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint[.]" *Id.* at 1002. OpenSea

cannot use the incorporation doctrine as a tool to short-circuit Mr. Armijo's well-pleaded complaint. *See id.* at 1003.

Accepting OpenSea's Terms would require this Court to convert OpenSea's Motion to Dismiss into a motion for summary judgment, which is inappropriate at this stage where no discovery has been conducted regarding any aspect of OpenSea's Terms (and Mr. Armijo's purported consent to same).

For this and the foregoing reasons, OpenSea's Request for Judicial Notice must be denied.

### B. The Terms Are Not Subject to Judicial Notice.

"Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja*, 899 F.3d at 999 (citing Fed. R. Evid. 201(b)). Accordingly, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment," but "a court cannot take judicial notice of disputed facts contained in such public records." *Id.* (citations omitted).

Here, although this Court may take notice that OpenSea's Terms simply exist as a matter of public record and can be readily found online, it would not be permissible for this Court to judicially notice the disputed facts contained within the Terms, which is the end goal OpenSea seeks. OpenSea seeks judicial notice of the Terms for the purpose of claiming that the exculpatory clause contained therein applies to Mr. Armijo's claims. Mr. Armijo denies not only that the Terms apply but also that the exculpatory clause is unenforceable. Thus, at this motion to dismiss stage, this Court has no need to take judicial notice of OpenSea's Terms.

/ / /

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

For the foregoing reasons, this Court should deny OpenSea's Request for Judicial Notice in Support of Motion to Dismiss Amended Complaint.

DATED this 3rd day of October, 2022.

**ARMSTRONG TEASDALE LLP**

By: */s/ Michelle D. Alarie*
MICHELLE D. ALARIE, ESQ.
Nevada Bar No. 11894
One Summerlin
1980 Festival Plaza Drive, Suite 750
Las Vegas, Nevada 89135

EMILY NUVAN, ESQ.
(LR IA 11-2 admitted)
Utah Bar No. 17722
ARMSTRONG TEASDALE LLP
201 South Main Street, Suite 750
Salt Lake City, Utah 84111

ROMAINE C. MARSHALL, ESQ.
(LR IA 11-2 admitted)
Utah Bar No. 9654
JOSE ABARCA, ESQ.
(LR IA 11-2 admitted)
Utah Bar No. 12762
POLSINELLI
2825 E Cottonwood Parkway, Suite 500
Salt Lake City, UT 84104

*Attorneys for Plaintiff Robert Armijo*

**CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Civ.P.5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of ARMSTRONG TEASDALE LLP, and that the foregoing document:

☒ was served via electronic service to the address(es) shown below:

John Patrick Desmond   jdesmond@dickinsonwright.com,
Justin James Bustos   jbustos@dickinsonwright.com
John D. Tennert   jtennert@fclaw.com,
Erin Joan Cox   erin.cox@mto.com
Alison Clare Jordan   ajordan@fenwick.com,
Michael S. Dicke   mdicke@fenwick.com
Jennifer C. Bretan   jbretan@fenwick.com
Katherine A. Marshall   kmarshall@fenwick.com
Samuel Sahagian   ssahagian@fenwick.com
April D. Youpee-Roll   april.youpee-roll@mto.com
Jonathan H. Blavin   jonathan.blavin@mto.com
Brandon R. Teachout   brandon.teachout@mto.com

☐ was served via the U.S. Postal Service at Las Vegas, Nevada, in a sealed envelope, with first-class postage prepaid and to the address(es) shown below:

LooksRare, Ltd.
Chase Business Center
39-41 Chase Side
London, United Kingdom, N14 5BP

Date: October 3, 2022                    */s/ Christie Rehfeld*
                                         An employee of Armstrong Teasdale LLP