DICKINSON WRIGHT PLLC
JOHN P. DESMOND
Nevada Bar No. 5618
JUSTIN J. BUSTOS
Nevada Bar No. 10320
100 W. Liberty Street, Suite 940
Reno, NV  89501
Tel: 702-550-4400
Fax: 844-670-6009
Email:  jdesmond@dickinsonwright.com
Email:  jbustos@dickinsonwright.com

(Additional counsel listed on signature page)

*Attorneys for Defendant Ozone Networks, Inc. d/b/a OpenSea, a New York Corporation*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT ARMIJO, <br><br> Plaintiff, <br><br> vs. <br><br> OZONE NETWORKS, INC. d/b/a OPENSEA, a New York Corporation, YUGA LABS, LLC d/b/a BORED APE YACHT CLUB, a Delaware limited liability company, LOOKSRARE; and DOES 1 to 50, <br><br> Defendants. | CASE NO.  3:22-CV-00112-MMD-CLB <br><br> **REPLY IN SUPPORT OF DEFENDANT OZONE NETWORKS, INC.'S REQUEST FOR JUDICIAL NOTICE** |

The Court can and should consider OpenSea's Terms of Service (the "Terms") in deciding OpenSea's Motion to Dismiss, on two separate grounds: (1) the Terms are properly subject to judicial notice; and (2) the Terms are incorporated by reference into the Amended Complaint.

As an initial matter, Plaintiff has readily admitted that he *agreed* to the Terms and that his conduct is governed by them. (*See* Opp. to MTD, ECF No. 98, at 12 ("Mr. Armijo agreed to abide by these terms."); *id.* at 22 ("Mr. Armijo does not dispute that he agreed to OpenSea's Terms and is governed by them.").) Plaintiff likewise admits that the contents of the Terms "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (*See* Obj. to RJN, ECF No. 99, at 4 ("[T]his Court may take notice that OpenSea's terms simply exist as a matter of public record and can be readily found online.").) Thus, the Court plainly may take judicial notice of the Terms—which Plaintiff acknowledges he is bound by—as a publicly-available source whose authenticity is not in dispute. *See* Fed. R. Evid. 201(b)(2) (allowing judicial notice of that which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002-03 (9th Cir. 2018) (explaining that a court may take judicial notice of matters of public record, but not disputed facts contained in such records).

Moreover, the Terms also form the basis of Plaintiff's claim and are properly incorporated by reference into the Complaint. *See Khoja*, 899 F.3d at 1002 ("Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."). The centrality of the Terms to Plaintiff's claims is highlighted by Plaintiff's argument in opposing the Motion to Dismiss that OpenSea is purportedly in a special relationship with Plaintiff because he "submitted himself to OpenSea's control . . . by agreeing to abide by OpenSea's Terms of Service" and that "in doing so, he relied on OpenSea to enforce the terms as promised for all

users." (Opp. to MTD, ECF No. 98, at 11-12.) Thus, Plaintiff effectively concedes the centrality of the Terms to his claims. And as the Terms themselves make clear, the exculpatory provision covers "ANY LOSSES, DAMAGES, OR CLAIMS ARISING FROM . . . *ANY USE OF CRYPTO ASSETS*," without regard to whether the alleged harm occurred on OpenSea or elsewhere. (Meader Decl., ECF No. 72, Ex. A at 11 (emphasis added); *id.* at 1 (defining "Crypto Assets" to mean "unique non-fungible tokens, implemented on the Ethereum blockchain," *i.e.*, ***not*** on OpenSea); *see also id.* at 11 (barring claims regarding "MEANS OF ATTACK AGAINST THE SERVICE ***OR*** CRYPTO ASSETS," not just means of attack against the OpenSea platform).)

      ***Judicial Notice.*** Plaintiff does not seriously dispute that OpenSea's Terms are judicially noticeable, and for good reason—the Terms are plainly capable of "accurate[] and read[y] determin[ation]" by resort to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Recognizing this, Plaintiff concedes that "this Court may take notice that OpenSea's terms simply exist as a matter of public record and can be readily found online." (Obj. to RJN, ECF No. 99, at 4.) Yet Plaintiff claims the Court may not "notice the *disputed facts* contained within the Terms." (*Id.*) Plaintiff, however, identifies no such "disputed facts contained within the Terms," and there are none. The disputes Plaintiff identifies—whether "the Terms apply" and whether the "exculpatory clause is unenforceable" (*id.*)—are both questions of law. *See Fed. Ins. Co. v. Coast Converters*, 339 P.3d 1281, 1284 (Nev. 2014) (this "is a question of contract interpretation, and thus, is a question of law"). Because the Terms appear on a publicly accessible website, Plaintiff does not dispute their accuracy, and Plaintiff concedes that he consented to the Terms and they govern his conduct, the Court can and should take judicial notice of them. *See Diep v. Apple, Inc.*, No. 21-CV-10063-PJH, 2022 WL 4021776, at *2-3, 7-8 (N.D. Cal. Sept. 2, 2022) (granting Apple's request for judicial notice of its Terms of Service and holding that exculpatory provision barred all of Plaintiff's claims).

      ***Incorporation by Reference.*** The incorporation by reference doctrine "[p]revent[s] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to

documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), as amended (July 28, 1998).[1]  Where (as here) "the complaint necessarily relies upon a document" such as the Terms, *see Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010), the Court may consider the contents of that document, and "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)," *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

Plaintiff primarily relies on *Khoja*, 899 F.3d 988, for the proposition that OpenSea is asking the Court to resolve a factual dispute on its motion to dismiss.  Not so.  First, as noted, there are no factual issues in dispute here.  *Khoja* took specific issue with a defendant's attempted use of documents to contest the plaintiff's theories *of fact*, or to "to insert [the defendant's] own version of events into the complaint to defeat otherwise cognizable claims."  *Id*. at 1002.  That is not at all what OpenSea seeks to do here—to the contrary, OpenSea requests that the Court take judicial notice of the Terms (upon which Plaintiff's claims necessarily rely) to resolve a question *of law*.  Plaintiff's Opposition to the Motion to Dismiss concedes that his claims affirmatively rely upon OpenSea's Terms.  Plaintiff alleges that he "submitted himself to OpenSea's control . . . by agreeing to abide by OpenSea's Terms of Service" (Opp. to MTD, ECF No. 98, at 11-12).  Though Plaintiff protests that he does *not* rely on the Terms in bringing his claims because "he was not using OpenSea's service when the theft occurred," (Obj. to RJN, ECF No. 99, at 3), the application of the Terms to the allegations here is a legal question for the Court.[2]  *Fed. Ins. Co.*, 339 P.3d 1281 at 1284; *Diep*, 2022 WL 4021776, at *7-8.

---

[1] *Superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681–82 (9th Cir. 2006).

[2] Two cases cited in *Khoja* illustrate this proposition.  In the first, the Southern District of California declined to incorporate by reference twelve of 28 documents offered "as evidence that Defendants did not commit securities violation."  *See In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005) (upon which Plaintiff also relies).  In the other, the Second Circuit found error where a lower court had "consider[ed] external material in its ruling, [and] it relied on those materials to make a finding *of fact* that controverted the plaintiff's own *factual* assertions set out in its complaint."  *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (emphasis added).

1  Indeed, courts in this circuit, including the Ninth Circuit itself, consistently have
2  recognized that a claim arising out of a plaintiff's use of a service can incorporate by reference
3  the terms of use of that service.  (See RJN, ECF No. 73, at 4; *Coto Settlement*, 593 F.3d at 1038
4  (finding a billing agreement "integral to" a complaint that contained allegations that necessarily
5  relied upon the agreement's terms); *Diep,* 2022 WL 4021776, at *2-3 (granting Apple's request
6  for judicial notice of its Terms of Service when Apple contended that "the Terms are
7  incorporated by reference in the allegations of the FAC"); *cf. id.* at *7-8 (concluding that Terms
8  barred all of Plaintiff's claims).)  The Court can and should conclude the same here and consider
9  the Terms in ruling on OpenSea's Motion to Dismiss the Amended Complaint (ECF No. 71).

11 DATED this 8th day of November, 2022.

12                                          DICKINSON WRIGHT PLLC

14                                          */s/ Justin J. Bustos*
                                            JOHN P. DESMOND
15                                          Nevada Bar No. 5618
                                            JUSTIN J. BUSTOS
16                                          Nevada Bar No. 10320
                                            100 W. Liberty Street, Suite 940
17                                          Reno, NV 89501
                                            Tel: (775) 343-7500
18                                          Fax: 844-670-6009
                                            Email: jdesmond@dickinsonwright.com
19                                          Email: jbustos@dickinsonwright.com

20
                                            MUNGER, TOLLES & OLSON, LLP
21                                          JONATHAN H. BLAVIN (Pro Hac Vice)
                                            560 Mission Street, 27th Floor
22                                          San Francisco, CA  94105
                                            Tel: (415) 512-4011
23                                          Email:  Jonathan.Blavin@mto.com

24
                                            BRANDON R. TEACHOUT (Pro Hac Vice)
25                                          ERIN J. COX (Pro Hac Vice)
                                            APRIL D. YOUPEE-ROLL (Pro Hac Vice)
26                                          350 South Grand Avenue, Suite 5000
                                            Los Angeles, CA  90071
27                                          Tel:  (213) 683-9100

28

Email: Brandon.Teachout@mto.com
Email: Erin.Cox@mto.com
Email: April.Youpee-Roll@mto.com

*Attorneys for Defendant Ozone Networks, Inc. d/b/a OpenSea, a New York Corporation*

# CERTIFICATE OF SERVICE

The undersigned, an employee of Dickinson Wright PLLC, hereby certifies that on the 8th day of November 2022, caused a copy of the foregoing **REPLY IN SUPPORT OF DEFENDANT OZONE NETWORKS, INC.'S REQUEST FOR JUDICIAL NOTICE** to be transmitted by electronic service in accordance the Court's CM/ECF e-filing system, addressed to:

Emily Brinn Nuvan (Pro Hac Vice)
Jose A. Abarca (Pro Hac Vice)
Romaine C. Marshall (Pro Hac Vice)
Armstrong Teasdale LLP
201 South Main Street, Suite 750
Salt Lake City, UT  84111
enuvan@atllp.com
jabarca@atllp.com
rmarshall@atllp.com

*Attorneys for Plaintiff Robert Armijo*

John D. Tennert
Fennemore Craig, P.C.
7800 Rancharrah Parkway
Reno, NV  89511
jtennert@fclaw.com

*Attorneys for Defendant Yuga Labs, LLC*

Alison Clare Jordan
Fenwick & West LLP
801 California Street
Mountain View, CA  89041
Ajordan@fenwick.com

*Attorneys for Defendant Yuga Labs, LLC*

Michelle D. Alarie
Armstrong Teasdale LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, NV  89169
malarie@atllp.com

*Attorneys for Plaintiff Robert Armijo*

Samuel Sahagian (Pro Hac Vice)
Jennifer C. Bretan (Pro Hac Vice)
Katherine A. Marshall (Pro Hac Vice)
Michael S. Dicke (Pro Hac Vice)
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA  94104
ssahagian@fenwick.com
jbretan@fenwick.com
kmarshall@fenwick.com
mdicke@fenwick.com

*Attorneys for Defendant Yuga Labs, LLC*

*/s/ Laura P. Browning*
An Employee of Dickinson Wright PLLC