BRANDON P. JOHANSSON, ESQ.
Nevada Bar No. 12003
ARMSTRONG TEASDALE LLP
7160 Rafael Rivera Way, Suite 320
Las Vegas, Nevada 89113
Telephone:  702.678.5070
Facsimile:  702.878.9995
bjohansson@atllp.com

*Attorneys for Plaintiff Robert Armijo*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ARMIJO,<br><br>         Plaintiff,<br><br>   vs.<br><br>OZONE NETWORKS, INC. d/b/a OPENSEA, a New York Corporation; YUGA LABS, LLC d/b/a BORED APE YACHT CLUB, a Delaware limited liability company; LOOKSRARE; and DOES 1 to 50,<br><br>         Defendants. | Case No.:  3:22-cv-00112-MMD-CLB<br><br>**ARMSTRONG TEASDALE LLP'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF ROBERT ARMIJO** |

The law firm of Armstrong Teasdale LLP (the "Firm") hereby moves this Court for an order granting the Firm, including its attorney Brandon P. Johansson, Esq., leave to withdraw as counsel of record for Plaintiff Robert Armijo ("Plaintiff") in the above-referenced matter. Withdrawal is requested on the grounds that Plaintiff has failed to fulfill an obligation to the Firm thereby making the Firm's continued representation of Plaintiff impossible. Plaintiff was provided with reasonable notice that the Firm would withdraw as his counsel if such obligation was not met. Furthermore, the Firm is not able to reasonably represent Plaintiff because there has been a breakdown of the attorney-client relationship between counsel and the Plaintiff. Under these circumstances, the Firm must withdraw its representation of Plaintiff in this matter. This Motion is made and based upon Rule 1.16 of the Nevada Rules of Professional Conduct, Local Rule 11-6, the attached Memorandum of Points and Authorities, the Declaration of Brandon P. Johansson, Esq. ("Johansson Decl.") included below, and the papers and pleadings on file herein.

/ / /

## DECLARATION OF BRANDON P. JOHANSSON, ESQ. IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF

I, Brandon P. Johansson, Esq., hereby state and declare as follows:

1.  I am an attorney licensed to practice law in the State of Nevada. I am a partner with the law firm of Armstrong Teasdale LLP (the "Firm") and counsel of record for Plaintiff Robert Amijo ("Plaintiff") in the above-referenced matter.

2.  I make this Declaration in support of Armstrong Teasdale LLP's Motion to Withdraw as Counsel of Record for Plaintiff (the "Motion to Withdraw").

3.  All matters set forth in this Declaration are true and correct and based on my personal knowledge, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true. If called upon to testify regarding the matters stated herein, I could and would competently testify thereto.

4.  The Firm and Plaintiff have reached an impasse with respect to Plaintiff's failure to substantially fulfill his financial obligations to the Firm regarding services rendered. Plaintiff has failed to make payments towards his invoices that are currently due and owing.

5.  The terms of Plaintiff's' engagement of the Firm permits the Firm to withdraw as counsel if Plaintiff fails to meet his financial obligation to the Firm.

6.  The Firm gave Plaintiff reasonable warning informing Plaintiff that the Firm would have to withdraw as his counsel unless his outstanding financial obligation was fulfilled. Despite multiple warnings, Plaintiff has failed to fulfill such obligation.

7.  Continued representation of Plaintiff will result in an unreasonable financial burden on the Firm.

8.  In addition, there has been a breakdown of the attorney-client relationship between undersigned and Plaintiff with respect to defending this matter such that the Firm can no longer reasonably represent Plaintiff. Plaintiff has requested that the Firm no longer provide services on this matter.

9.  This Motion to Withdraw should be heard as soon as possible to provide the Plaintiff with the maximum opportunity to obtain new counsel to represent him in this matter.

10.  The Firm notified Plaintiff that this Motion to Withdraw would be filed.

11.      This Motion to Withdraw will be served on Plaintiff at the following addresses:

Robert "Bobby" Armijo
116 Vue Court
San Diego, CA 92101
bobby@bajafulfillment.com

12.      Good cause exists to allow the Firm to withdraw as counsel of record.

13.      No trial date has been scheduled in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 14th day of September, 2023.

  */s/ Brandon P. Johansson*
BRANDON P. JOHANSSON, ESQ.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Based upon Rule 1.16 of the Nevada Rules of Professional Conduct, Local Rule 11-6, as well as the terms of the engagement entered into between the Firm and the Plaintiff, this Court should grant the Firm leave to withdraw as counsel.

Rule 1.16 of the Nevada Rules of Professional Conduct sets forth the grounds upon which withdrawal of counsel is appropriate, and provides, in relevant part:

(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

(1) Withdrawal can be accomplished without material adverse effect on the interests of the client; . . .

(5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7)  Other good cause for withdrawal exists.

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Local Rule 11-6 authorizes the procedure by which counsel may seek leave of the court to withdraw as counsel, and provides, in relevant part:

> (b)  If an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel. The affected client may, but is not required to, file a response to the attorney's motion within 14 days of the filing of the motion, unless the court orders otherwise. . . .
>
> (d)  Discharge, withdrawal, or substitution of an attorney will not alone be reason for delay of pretrial proceedings, discovery, the trial, or any hearing in the case.
>
> (e)  Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case.  Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing.  If a trial setting has been made, an additional copy of the moving papers must be provided to the clerk for immediate delivery to the assigned district judge, bankruptcy judge, or magistrate judge.

Furthermore, the terms of the engagement entered into between Plaintiff and the Firm provides that the Firm may withdraw as counsel if Plaintiff's obligations to the Firm, one of which is to pay its invoices promptly upon receipt, are not satisfied.

Accordingly, the Firm respectfully requests that this Court grant it leave to withdraw as counsel of record for Plaintiff in this matter on the grounds that Plaintiff failed to substantially fulfill his financial obligations to the Firm regarding the services the Firm rendered to Plaintiff in this action. As demonstrated in the Johansson Decl., the Firm provided Plaintiff with reasonable notice that the Firm would withdraw as his counsel unless such obligation was fulfilled. Despite such warning, Plaintiff has not substantially fulfilled his obligation to the Firm as required by the terms of the engagement. The parties have been unable to reach a satisfactory resolution that would enable the Firm to continue to represent Plaintiff in this matter. Accordingly, continued representation of Plaintiff will result in an unreasonable financial burden to the Firm. Plaintiff has been advised that this Motion to Withdraw would be filed. There are currently no pending deadlines in the case.

A copy of the Motion to Withdraw will be timely mailed to Plaintiff's known address and emailed to the email address that the Firm normally communicates with Plaintiff.

///

///

4

Based on the foregoing, the Firm respectfully requests that this Court grant its Motion to Withdraw so that the Firm is immediately released and discharged from any further responsibility in the handling of this action for Plaintiff Robert Armijo.

DATED this 14th day of September, 2023.

**ARMSTRONG TEASDALE LLP**

By: */s/ Brandon P. Johansson*
BRANDON P. JOHANSSON, ESQ.
Nevada Bar No. 12003
7160 Rafael Rivera Way, Suite 320
Las Vegas, Nevada 89113

*Attorneys for Plaintiff Robert Armijo*

1

**CERTIFICATE OF SERVICE**

2       Pursuant to Fed.R.Civ.P.5(b) and Section IV of District of Nevada Electronic Filing

3   Procedures, I certify that I am an employee of ARMSTRONG TEASDALE LLP, and that the

4   foregoing document:

5       ☒       was served via the Court's CM/ECF electronic service system to all counsel and

6   parties listed on the electronic service list.

7       ☒       was served via e-mail and the U.S. Postal Service at Las Vegas, Nevada, in a sealed
                 envelope, with first-class postage prepaid and to the address(es) shown below:
8

9               Robert "Bobby" Armijo
                116 Vue Court
10              San Diego, CA 92101
                bobby@bajafulfillment.com

11
   Date: September 14, 2023                    */s/ Christie Rehfeld*
12                                             An employee of Armstrong Teasdale LLP

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28