UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ROBERT ARMIJO, | Case No. 3:22-cv-00112-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| LOOKSRARE, | |
| Defendant. | |

Plaintiff Robert Armijo sued Defendants Ozone Networks, Inc., doing business as Opensea; Yuga Labs, LLC, doing business as Bored Ape Yacht Club ("BAYC"); and LooksRare after Plaintiff's non-fungible tokens ("NFTs") were stolen. (ECF No. 62.) The Court dismissed Armijo's claims against Yuga Labs and Ozone Networks. (ECF No. 109.) There had been no activity at that time as to LooksRare. (ECF No. 110.) Despite suggesting in response to Court orders in early 2023 that Armijo was working on serving LooksRare, Armijo had still not filed proper proof of service of LooksRare by September 17, 2024. (ECF No. 120.) The Court accordingly gave him one more 30 day period to file proper proof of service as to LooksRare, warning him that the Court would dismiss his claims against LooksRare for failure to prosecute and close this case if he did not timely comply. (*Id.*) Because Armijo did not timely comply, and as further explained below, the Court will dismiss LooksRare without prejudice and close this case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citation omitted). A court may dismiss an action based on a party's failure to obey a court order. *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130-32 (9th Cir.

1987) (affirming dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Armijo's claims against LooksRare. The third factor, risk of prejudice to LooksRare, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that *Yourish* "eroded" "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply"). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (citation omitted).

///

Because this action cannot realistically proceed without proper service of LooksRare, the only alternative to dismissal is to enter another order setting another deadline. But the Court already gave Armijo over a year to serve LooksRare (ECF Nos. 110, 120), and then more recently gave him another 30 days (ECF No. 120). And Armijo still has not filed proper proof of service as to LooksRare. Setting another deadline is not a meaningful alternative given these circumstances, so the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that LooksRare is dismissed from this case without prejudice.

It is further ordered that, as this resolves the last outstanding issue in it, the Clerk of Court is directed to close this case.

DATED THIS 18th Day of October 2024.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE